BLANCHE, Justice.
Defendant, Alvin “Coffee” Washington, failed to appear at trial, and on motion of the district attorney, judgments were entered and signed on July 27, 1976 in favor of the state declaring a forfeiture of his appearance bond. One year, two-and-one-half months later, and through the efforts of the bondsman, the defendant was again arrested, and returned to court where he was subsequently tried and convicted. Approximately three years after the signing of the above judgment, the then District Attorney, Frank T. Salter, joined in with the attorney for the bail bondsman and the surety on the bail bond in a motion to the court to set aside said judgment of forfeiture. This judgment was signed on June 2, 1979, and thereafter, the present District Attorney, Leonard Knapp, Jr., filed a motion for a new trial. The motion was denied by the trial judge, and writs to this Court were applied for and granted. We now reverse.
The sole issue before this Court is whether the judgment on the forfeiture of the bond can be set aside when the “surrender” of the defendant is made more than six months after the judgment has been rendered. The law governing bond forfeitures for the period involved in this litigation is La.R.S. 15:85, as amended by Acts 1976, No. 579, § 1...
That statute requires that all bonds taken to secure the appearance of any person before any district court, except their preliminary examinations, shall shall be forfeited and collected if, at the time fixed for the appearance of such person, he fails to appear and answer when called. Thereafter, the judge, on motion of the district attorney, and upon hearing proper evidence, including service or attempted service upon the defendant and service upon the surety, shall forthwith enter a judgment decreeing the forfeiture of the bond, and against such person in his surety, in solido, for the full amount thereof. The law further requires the district attorney to issue a writ of fieri facias against both the principal and his surety if the time has expired for the taking of an appeal of the judgment of forfeiture, and the time allowed by law for the surety to return the fugitive to the jurisdiction of the court has passed.
Provisions are made for setting aside of such judgments, and in this regard, the statute provides that if one of three things *91 occurs within a six-month time frame after rendition of the judgment, that the judgment shall be set aside. These three occurrences are: (1) the defendant surrenders or is surrendered to the law enforcement agency; (2) the defendant appears (namely, by arrest by law enforcement officers), and a trial and conviction or acquittal of the defendant is had within that time frame; or (3) the district attorney, upon his own motion, obtains a continuance after the defendant has appeared in court.
This Court in the past has been called upon to interpret various aspects of the bond forfeiture provisions, and has always strictly construed these provisions. See State v. Sandoz, 258 La. 297, 246 So.2d 21 (1971); State v. Kunzler, 248 La. 133, 177 So.2d 112 (1965).
In State v. Kunzler, supra, 177 So.2d at 114, this Court, in interpreting former La. R.S. 15:109, the effective provision at that time, held “ . . . that the ‘adequate proof’ required by the statute must have been made to the judge in a judicial proceeding commenced within the prescribed 60-day period . . ” in order to set aside the forfeiture. Although subsequent legislation has extended this period to six months, the reasoning of Kunzler is still valid.
An examination of the record in the instant case reveals that defendant, Alvin “Coffee” Washington, failed to appear on November 10, 1975, and that it was not until February 2, 1977 that he was re-arrested and subsequently returned to court. It is clear from the record that the motion to set aside the judgment of bond forfeiture on November 24, 1975 did not fall within the prescribed six-month period of R.S. 15:85. Having failed to comply with the effective provisions of R.S. 15:85, the judgment of the trial court setting aside the judgment is contrary both to the law and the evidence. Code of Civil Procedure article 1972(1) provides that a new trial shall be granted where the judgment appears clearly contrary to the law and evidence. Utah-Louisiana Investment Co. v. International Development, Inc., 262 So.2d 553 (La.App. 1st Cir., 1972). Therefore, the trial court erred in denying the state’s motion for a new trial.
For these reasons, it is ordered that the judgment recalling the bond forfeiture signed on June 22, 1979, be recalled, vacated and set aside and the judgment of appearance bond forfeiture signed November 26, 1975 is reinstated.
LEMMON, J., dissents and assigns reasons.