REDMANN, Chief Judge.
On certiorari, we hold invalid a judgment of forfeiture of a criminal appearance bond that was already forfeited by an earlier judgment. We also hold, however, that a notice within six months of the earlier forfeiture that refers to the later rather than the earlier date of forfeiture satisfies in respect to the earlier forfeiture a statutory requirement that the surety company be notified of the forfeiture within six months of its date.
Applicant surety company supplied bonds of $2,500 each for two persons charged with prostitution. After notices of arraignment to the defendants and to the agent of the surety company and nonappearance of the defendants for arraignment, judgments of forfeiture of those bonds were entered December 10, 1985. Applicant was not notified of the forfeitures before May 9,1986, when forfeitures were again decreed. Notices of forfeiture were mailed on May 14, 1986. A “motion to set aside judgment of bond forfeiture [and] petition for nullity of judgment” alleged that applicant had been *1146 released on its bonds by failure to notify it of the first forfeitures within six months and that the second forfeitures were nullities. The district court upheld the forfeitures, although it referred to the judgment of May 9, 1986.
R.S. 15:85 A(l) provides:
[T]he clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
The surety’s theory is that its obligation on the bond was merged into the judgment of December 1985 so that no forfeitable bond existed at the time of the judgments of May 1986. The surety further theorizes that, in respect to the December 1985 judgments, it was released by failure of the clerk of court to mail notices “within six months after the entry of the forfeiture” of December 1985, as required by La.R.S. 15:85 A(l).
The state contends that the 1986 forfeitures were valid because the 1985 forfeitures were nullities. They were nullities, the state contends, because notice to the surety company’s bond-signing agent does not constitute notice to the surety company within C.Cr.P. 337. We note, however, that C.Cr.P. 337 applies only “in a felony case” (see Comment (c)). Prostitution is not made a felony by R.S. 14:82 except on repeat offenses, and this is not shown by the state to be a repeat offense. We conclude that the 1985 forfeitures were valid.
We deem the surety company nevertheless liable under the forfeitures. We reason that the May 14, 1986, notice to the surety of forfeiture satisfied the statutory requirement of notice within six months of the forfeiture of December 10, 1985, notwithstanding that the notice may have recited that the bonds were forfeited May 9. The evident purpose of the statute’s notification requirement is to afford to the surety company a chance to apprehend and surrender the defendant and thus have the forfeiture set aside (in accordance with R.S. 15:85 A(3)). The statute does not require that the notice, to be effective, advise the surety company of the correct date of forfeiture, for, except that the date of forfeiture begins the six month period during which the surety company must be notified of the forfeiture, the date of the forfeiture is otherwise irrelevant to the surety company’s rights. Its rights under § 85 A(3) to have the judgment of forfeiture set aside within 60 days and to a refund of payment of the judgment within six months run from the date of notice rather than from the date of judgment.
Applicant surety company was given notice of the bond forfeitures, within six months of the December 10, 1985 forfeitures, and was thereby given the opportunity that the statute’s requirement of notice intends. The surety company was not released by R.S. 15:85 A(l) from its obligations on the bond.
The 1985 judgments of forfeiture were not invalid and were not set aside but remain in force. The 1986 forfeitures were therefore null acts. No bond was forfeited on May 9, 1986, because the bonds had already been forfeited. The 1985 judgments may result in judicial mortgages if recorded in compliance with R.S. 15:85 A(2), but the 1986 judgments may not; and the prescription of the 1985 judgments or the peremption of their inscription in the mortgage records (C.C. 3369) may not be extended by the 1986 judgments. To avoid any such contentions in the future, applicant is entitled to a judgment decreeing the nullity of the 1986 judgments.
The judgment appealed from is affirmed insofar as it upholds the bond forfeitures, *1147 but it is amended to specify that the upheld forfeitures are those of December 10, 1985 rather than those of May 9, 1986, and it is reversed insofar as it left undisturbed the forfeiture judgments of May 9, 1986, and those latter judgments are decreed null.