534 So.2d 976 (1988)
STATE of Louisiana
v.
Roger DICKERSON.
No. 88-CA-300.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1988.
*977 Elbert Lee Guillory, Opelousas, for American Bankers Ins. Co. of Florida, appellant.
John M. Mamoulides, Dist. Atty., Jo Ellen McMillen, Dorothy A. Pendergast, Asst. Dist. Attys. (Louise Korns, of counsel), Gretna, for State of La., appellee.
Before CHEHARDY, C.J., and DUFRESNE and WICKER, JJ.
CHEHARDY, Chief Judge.
In this suit, a compensated surety complains of a judgment decreeing forfeiture of an appearance bond and of the trial court's refusal to rescind the forfeiture.
The defendant, Roger Dickerson, was arrested on July 2, 1986 and later charged with crime against nature. On July 3, 1986, American Bankers Insurance Company of Florida, appellant herein, posted a bond of $3,500 on the defendant's behalf. Trial was set for May 19, 1987. The defendant failed to appear before the court on that day and his bond was ordered forfeited. On September 16, 1987, American Bankers Insurance Company of Florida filed a "Motion to Set Aside Judgment of Bond ForfeiturePetition for Nullity of Judgment." This motion was denied on October 14, 1987.
Appellant contends the bail bond was not properly forfeited as no evidentiary hearing was held prior to the forfeiture.
LSA-R.S. 15:85 provides in pertinent part:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety or an agent or bondsman of the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent or bondsman of the surety who posted the bond. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
In order to obtain a judgment of bond forfeiture against a surety, the State must comply strictly with the terms of the statute regulating bond forfeitures. State v. Hathaway, 403 So.2d 737 (La.1981); State v. DeLaRose, 391 So.2d 842 (La. 1980).
The evidence contained in the record reflects that the defendant received notice *978 of the trial date. It is not readily apparent, however, that the surety received proper notice of the trial. Service of the appearance date must be made on the surety's designated agent for service of process. State v. Robinson, 504 So.2d 1160 (La.App. 5 Cir.1987). The subpoena return shows that service was made on the surety through "Denise". There is, however, nothing in the record to show that Denise was the designated agent for service of process. It is, therefore, not clear from the record that the bond was properly forfeited.
The record does not show what evidence the trial court considered as "proper evidence" in determining whether the bond should be forfeited. The record, in fact, contains only a form minute entry, which states:
THE DEFENDANT ROGER DICKERSON DID NOT APPEAR BEFORE THE BAR OF THE COURT THIS DAY FOR TRIAL AND MOTIONS. ISSUE ATTACHMENT AND BOND FORFEITURE.
Also, no evidence was presented at the motion to rescind to show what evidence was considered prior to the bond forfeiture.
The instant case is similar to State v. Mills, 390 So.2d 874 (La.1980), wherein the Louisiana Supreme Court addressed the issue of whether the trial judge, before ordering the forfeiture of a bond, heard "proper evidence including service or attempted service upon the defendant and service upon the surety." In that case, too, the bond was revoked without a hearing, the service was arguably inadequate and no evidence was heard at the hearing to rescind the revocation.
In resolving that case, the Supreme Court stated at page 877:
Our inquiries into service or attempted service on the defendant and service on the sureties are hampered by the absence of an adequate record in this case. We do not have before us any transcript of proceedings in court on October 18, 1976, when the district attorney moved for bond forfeiture. Consequently, we cannot determine whether the judge considered as "proper evidence" anything beyond the returns on the subpoena before decreeing forfeiture of the bond. On the present limited record before us, we are inclined to conclude that considering R.S. 15:85A(1), the motion to rescind the bond forfeiture should have been granted. However, we decline to so decide where the record is so incomplete, especially where evidence was not presented at the hearing on the motion to rescind.4
* * * * * *
4 While the record in its present posture is silent in this regard, counsel in brief contends that the judge would not hear evidence when the motion to rescind was taken up.
Upon a finding that fairness to both the State and the surety would better be served by upsetting the judgment, the Louisiana Supreme Court set aside the judgment and remanded the case for a full evidentiary hearing to determine whether the requirements of R.S. 15:85A(1) were met.
The record before us is equally incomplete. Therefore, in the interest of fairness, we set aside the judgment of the trial court and remand this case for a full evidentiary hearing at which time the trial court can properly determine whether the requirements of LSA-R.S. 15:85A(1) were met.
For the foregoing reasons, the judgment of the trial court is set aside and this case is remanded to the trial court for further proceedings.
JUDGMENT SET ASIDE; CASE REMANDED.