MOTION TO DISMISS
LABORDE, Judge.
This court, ex proprio motu, dismisses the appeal of third party defendant-appellant, Keith Credeur, as untimely.
Appellant has sought to appeal a final judgment of the New Iberia City Court. This judgment was signed on May 11, 1989. The record contains a Notice of Judgment which shows that the Deputy City Marshall affected personal service on the appellant, Keith Credeur, on May 22, 1989.
La.Code Civ.Proc. art. 5002(A) states in pertinent part that, “An appeal from a judgment rendered by a city court ... may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.” Appellant was not granted an appeal from this judgment until July 20, 1989. Clearly, appellant’s appeal is untimely and must be dismissed.
Appellant’s Narrative Statement of the Facts which is contained in the record contends that the judgment in this case must be reversed for various reasons. Among the reasons given for the reversal is the allegation that appellant never received notice of the suit. Such an argument can be the basis for an action of nullity. La.Code Civ.Proc. art. 2001, et seq. However, an action of nullity must be brought in the trial court. La.Code Civ. Proc. art. 2006. Thus, since the record in the instant suit provides that appellant received notice of the final judgment but appealed the judgment untimely, we must dismiss the appeal at appellant’s costs.
APPEAL DISMISSED.