GOTHARD, Judge.
This is a commercial surety’s appeal of a trial court judgment refusing to rescind a bond forfeiture. The defendant, Tranell Armour, was charged with two counts of simple burglary in violation of LSA-R.S. 14:62.
At the time of the arrest, American Bankers Insurance Company of Florida (American Bankers), a commercial surety and the appellant herein, posted two appearance bonds in the total amount of $5,000.00 on the defendant’s behalf. Armour appeared for his arraignment on May 13,1987, and pled not guilty to the charges. He was then enlarged on the basis of the appearance bonds previously posted. When Armour failed to appear for trial on June 22, 1987, the trial court issued an attachment for his arrest and rendered judgments ordering forfeiture of the appearance bonds. The trial judge signed the forfeiture judgments on June 29, 1987, and the clerk of court mailed notice of the judgments to the defendant and to American Bankers on July 15,1987. On March 8, 1988, more than six months after the clerk mailed the notices, the surety surrendered the defendant to the sheriff’s office; thereafter, Armour entered a guilty plea and was sentenced.
On May 2, 1988, American Bankers filed a Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment. After a hearing on June 22, 1988, the trial court signed a judgment of denial on July 5, 1988. It is from this judgment that American Bankers has taken a suspen-sive appeal.
The appellant assigns as error the trial court’s denial of its Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment, when the State failed to comply with the prerequisites of LSA-R.S. 15:85 for obtaining a valid and enforceable judgment of bond forfeiture.
American Bankers’ specific complaint is that the trial court failed to hold an eviden-tiary hearing, required by statute, prior to rendering the judgment of forfeiture.
LSA-R.S. 15:85 provides, in pertinent part:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety or an agent or bondsman of the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent or bondsman of the surety who posted the bond. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond. [Emphasis supplied.]
The jurisprudence has consistently held that bond forfeitures are not favored and the State must comply strictly with all statutory requirements before a judgment of forfeiture is rendered. State v. Hathaway, *342 403 So.2d 737 (La.1981); State v. Robinson, 504 So.2d 1160 (La.App. 5th Cir.1987).
The record before us contains no transcript of the court proceedings of June 22, 1987. A minute entry of that date indicates only that the defendant failed to appear for trial, an attachment was issued, and judgment of forfeiture was rendered.
The factual situation now under consideration is quite similar to the factual scenario recently addressed by this Court in State v. Dickerson, 534 So.2d 976 (La.App. 5th Cir.1988). A commercial surety in Dickerson challenged on appeal the trial court’s refusal to rescind a previously ordered forfeiture of an appearance bond. After concluding that the record was incomplete because there was no transcript of the forfeiture proceeding, the appellate panel in Dickerson set aside the trial court’s judgment and remanded the matter for an evi-dentiary hearing to determine whether the requirements of LSA-R.S. 15:85A(1) were met. Id. at 978; see also State v. Mills, 390 So.2d 874 (La.1980).
Accordingly, for the reasons discussed above, we set aside the judgment of July 5, 1988 denying rescission of the judgment of bond forfeiture and remand the case for an evidentiary hearing to determine whether the procedures set out in LSA-R.S. 15:85A(1) were followed.
JUDGMENT SET ASIDE, REMANDED.