KLEES, Judge.
American Bankers Insurance Company, surety for defendant Roberto Nieves, appeals the trial court’s judgment denying the surety’s motion to have the forfeiture of defendant’s bond declared a nullity. The facts are as follows.
On or about March 11, 1987, Nieves was arrested for possession of cocaine. On March 20, 1987, two bonds, one in the amount of $17,500.00 and one in the amount of $25,000.00, were posted for the release of defendant by American Bankers Insurance Company. On May 11, 1987, a bill of information was filed charging defendant with one count of possession and one count of distribution of cocaine.
Defendant appeared in court for arraignment on May 29, 1987. At this time, a hearing on motions was set for June 15, 1987 and trial was set for July 30, 1987. On June 15th, defendant failed to appear, *356 and a bond forfeiture hearing was set for June 22nd. On June 22nd, defendant again failed to appear, and the bond forfeiture hearing was continued and reset for July 31st.
On July 31, 1987, the defendant failed to appear, and the court ordered the bonds forfeited. For reasons that are unclear from the record, a second forfeiture hearing was held on September 14, 1987, and the court issued a second judgment of forfeiture. The procedure was repeated on November 4, resulting in a third judgment of forfeiture. On December 18, 1987, another hearing was held and the bonds were forefeited a fourth time. Defendant was not present at any of these hearings. Written notice of the December 18, 1987 judgment of forfeiture was mailed to the surety on January 8, 1988.
On March 8, 1988, the surety filed a motion to set aside the judgment of bond forfeiture as a nullity. This motion was denied on June 13, 1988, but the judgment denying the motion was apparently not signed until September 19, 1990. On September 20, 1990, the surety took this sus-pensive appeal.
On appeal, the surety first contends that the judgments of forfeitures are invalid because notice of the forfeiture was not sent to the surety within six months of defendant’s original failure to appear in court. Defendant first failed to appear on June 15, 1987, and the surety was notified of the forfeiture on January 8, 1988.
This argument is without merit. La.R.S. 15:85 A(l) (prior to its amendment in September 1987) provides that proper notice must be mailed to the surety within six months of the entry of the judgment of forfeiture, not within six months of the defendant's initial failure to appear. In this case, notice was mailed on January 8, 1988, which is within six months of the first judgment of forfeiture on July 31, 1987. In State v. Tykocinski, 502 So.2d 1145 (La.App. 4th Cir.1987), we held that the May 14, 1986 notice of a May 9, 1986 judgment of forfeiture was sufficient to validate an earlier (December 19, 1985) forfeiture of the same bond, because the notice was still sent within six months of the date of the first forfeiture judgment. Under the law, the surety then has sixty days from the date of the notice, not the date of the forfeiture, to file a petition to have the judgment of forfeiture set aside. R.S. 15:85 A(3); State v. Tykocinski, supra at 1146.
Appellant’s second argument is that all four judgments of forfeiture are invalid because the surety did not receive proper pre-forfeiture notice of the defendant's required appearance according to Article 337 of the Code of Criminal Procedure, which prior to its September 1987 amendment, provided:
“When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety shall be given written notice of the time, date, or place the principal is required to appear. The notice shall be delivered to the surety at least two days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety. If the principal appears as ordered and the proceeding is continued to a specific date the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, re-leives the surety from liability on a judgment of forfeiture for the defendant’s nonappearance on that particular date.”
Again, we find this argument to be without merit. Both the transcripts of the hearings and the minute entries and notes of the clerk of court reflect that a notice to the surety was introduced by the State as an exhibit in each forfeiture proceeding. We find this to be sufficient evidence of notice under article 337, although the subpoenas themselves do not appear in the record (with the exception of a December 3, 1987 subpoena notifying the surety of the December 18th hearing, which subpoena is marked “Business closed.”) At the December 18th hearing, the trial judge notes on the record, “This is the fifth time I have had this ... thing. They are getting no *357 tices all the time and they say they are improper and I don’t know what they are talking about.” We find that the record as a whole reflects sufficient notice to the surety under article 337.[1]
Appellant’s final argument is that the December 18, 1987 forfeiture is invalid under State v. Tykocinski, supra, because there were three prior judgments of forfeiture that were never vacated. In that ease, we held that if the first forfeiture was valid, the second must be a nullity because there was no longer a bond in existence to forfeit at the time of the second judgment.
Although correct, this argument does not help appellant’s case. As we have already stated, we find the July 31, 1987 judgment of forfeiture to be valid, as there was sufficient pre-forfeiture notice under article 337 and notice was properly mailed within six months of the forfeiture judgment. It therefore does not matter that all subsequent forfeitures are nullities, although as in Tykocinski, appellant is entitled to a judgment declaring the September 14th, November 4th and December 18th judgments vacated. We hereby declare those judgments to be null and void.
However, for the reasons stated, we affirm the trial court’s denial of the surety’s motion to have the forfeiture declared null, as the bonds were properly forfeited on July 31, 1987.
AFFIRMED.
PLOTKIN, J., dissents.

. The subpoenas are not the only documents missing from this obviously deficient record. The September 19, 1988 judgment denying the surety’s motion for nullity, from which this appeal is taken, is attached to the appellant’s brief but does not appear in the record.