COVINGTON, Chief Judge.
American Bankers Insurance Company (American Bankers), a commercial surety company, appeals the denial of its motion to set aside the judgment of bond forfeiture and petition to nullify a judgment of forfeiture. We reverse and nullify the judgment.
*39 FACTS
Lemmie J. Brown[1], Louis C. Cochran, and Willie C. Cochran were arrested for possession of cocaine with intent to distribute. Bond was set for Ms. Brown at Twenty-five Thousand Dollars ($25,000.00). American Bankers, through its agent James Littlejohn, Littlejohn Bonding Company, posted a surety bond to guarantee Ms. Brown’s appearance in court. According to the minute entries, the defendant, present in court on September 8, 1987, was re-arraigned on an amended Bill of Information and informed that a trial date of September 28, 1987, was set. There is no minute entry for September 28. However, the minute entry on September 30, 1987, again with defendant present in court, reflects that an attorney was appointed to represent Ms. Brown, and the matter was set for “the November Trial Docket.”
A Notice of Assignment, dated October 30, 1987, was issued to the defendants and to State Bonding Service for the defendants’ appearance at trial on November 16, 1987. No notice was sent to James Little-john, Littlejohn Bonding Company, as agent for American Bankers, or to American Bankers, as surety for Ms. Brown, and there is no minute entry for November 16. The minuté entry of November 18, 1987, reveals that upon the failure of the defendant to appear, the court ordered the bond forfeited. A judgment of bond forfeiture was rendered, signed, and mailed to American Bankers in March of 1988. American Bankers filed a Motion to set aside the judgment and to nullify the forfeiture, which was denied. It has appealed from the denial and makes the following assignments of error:
1. The trial court erred when no notice of the bond forfeiture was sent to surety’s agent who posted the bond as required by LSA-R.S. 15:85.
2. The trial court erred when defendant, the surety, and the agent for surety were not noticed of defendant’s required appearance for November 18, 1987, as required by article 337 of Louisiana Code of Criminal Procedure.
3.The trial court erred when no hearing to forfeit the bond was held and no proper evidence was introduced as required by LSA-R.S. 15:85.
LAW AND CONCLUSIONS
The procedure for forfeiture of bond is set forth in LSA-R.S. 15:85, which, at the time of this posting of bond by American Bankers, provided in part:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company ... or an agent of such a company ... shall be forfeited and collected as follows:
(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof.
In other words, after a breach of the bond conditions has occurred, the court, on motion of the state, is required to hold a hearing to determine if the prerequisites to forfeiture have been met. Bond forfeitures are not favored and the state must comply strictly with the terms of LSA-R.S. 15:85. State v. Hathaway, 403 So.2d 737 (La.1981). The critical question is whether the state had provided the requisite notice required by LSA-C.Cr.P. art. 337[2]. State v. Anthony, 525 So.2d 247 (La.App. 1 Cir. 1988).
According to Article 337, the court must determine in the situation where the appearance date is not set in the *40 bond that the state mailed or delivered notice of the appearance date to the defendant and the surety. If the appearance date is set in the bond, then notice is not due. In addition, if the defendant appears as ordered and the proceeding is continued to a specific date, no notice need be given.
In the instant case, the only bond included in the record indicates American Bankers, through their agent James Little-john, Littlejohn Bonding Company, contracted to serve as surety for Ms. Brown. January 5, 1987, is the appearance date set in the bond; therefore, applying LSA-C.Cr.P. art. 337, no notice was due. After several hearings and continuances, the defendant was present in court and was re-arraigned on September 8, 1987, and informed of a September 28, 1987 trial date. Because of the continuance to a specific date, Article 337 again required no notice. Although there is no minute entry for September 28, the September 30 minute entry indicates Ms. Brown’s presence and an entry for the "matter [to be] set for the November Trial Docket.” Because there was no specific date set for the required, but undetermined appearance, notice was required to be sent to the defendant and to the surety when the date of the required appearance was determined. Notice of Assignment for a pre-trial conference on November 12 and for the trial on the merits on November 16 was sent to Ms. Brown, but was returned not served. Notice was also sent to State Bonding Service. State Bonding Service was incorrectly identified by the Office of the Clerk of Court, Washington Parish, as the surety for all three defendants[3]. There is no evidence in the record of the required notice having been sent to American Bankers as required by LSA-C.Cr.P. art. 337 and LSA-R.S. 15:85.
The state failed to offer evidence that the required notice was sent to the surety for Ms. Brown. Lack of proof of service to the surety makes the bond forfeiture invalid. The failure of the defendant to appear on November 16, the assigned date, or the failure of the defendant to appear on November 18, the date indicated by the minute entries as the date of the actual trial on the merits, absent proper service to the surety, does not adversely affect the rights of the surety.
Accordingly, for the foregoing reasons the judgment of the trial court is reversed and the judgment of bond forfeiture is annulled[4]. Costs for these proceedings are assessed against the State of Louisiana in the amount of $295.00.
REVERSED.

. The defendant was identified in the record of the criminal proceedings as “Lemmie J. Brown” and also as “Lemmie Jean Brown.”

. Louisiana Code of Criminal Procedure article 337, then provided:
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a *40 felony case, his surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant’s nonappearance on that particular date.

. It is unclear from the record if State Bonding Service did in fact serve as surety for the other two defendants in the criminal prosecution; however, it is clear that American Bankers Insurance Company, through its agent James Litt-lejohn, served as surety for Ms. Brown.

. Because of the ruling on this issue of notice to the surety for the defendant’s required appearance for trial set for November 16, we pretermit the other assignments of error.