619 So.2d 755 (1993)
STATE of Louisiana
v.
Harold J. McCREARY.
No. 91-KA-2270.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1993.
*756 Harry F. Connick, Dist. Atty., Martin Melton, Asst. Dist. Atty., Susan Erlanger, Asst. Dist. Atty., New Orleans, for appellant.
Before KLEES, BYRNES and WALTZER, JJ.
BYRNES, Judge.
The State of Louisiana appeals the magistrate court's ruling setting aside a judgment of bond forfeiture. We reverse.
No appeal is allowed from a judgment of bond forfeiture in a misdemeanor case tried before a district court "sitting as a committing magistrate" pursuant to LSA-R.S. 15:84(B).[1] Because in the present misdemeanor case no appeal lies from the judgment in magistrate court, we exercise our supervisory jurisdiction to review the State's claims.
Howard McCreary was charged with a misdemeanor, carrying a concealed weapon in violation of LSA-R.S. 14:95, and bail was set for $2,500. A bond was executed for that amount by an agent of the Gramercy Insurance Company. The defendant appeared for the arraignment on May 3, 1990 but failed to appear for trial on September 20, 1990. The magistrate court set a hearing on a motion for bond forfeiture for December 20, 1990; however, the defendant did not appear and the court ordered the defendant's bond forfeited against Gramercy Insurance Company. An affidavit states that the clerk of court certified that a copy of the notice of bond forfeiture and certified bond were mailed to Gramercy Insurance Company, 11111 Katy Freeway, Suite 1000, Houston, Texas, 77079 and to ALBION FORD/ATTY-N-FACT, agent for the surety at 2742 Tulane Avenue, New Orleans, Louisiana, 70119 on January 16, 1991.
On July 25, 1991 the defendant was surrendered to the criminal sheriff's office by an agent of Gramercy Insurance Company. On July 26, 1991 the defendant appeared in court with his counsel Alvin Taylor, and Attorney Floyd Gibson filed an application to set aside the bond forfeiture, alleging failure of service on the defendant for the trial date of September 20, 1990. After a hearing, the magistrate court denied the application on August 1, 1991 and Gramercy Insurance Company issued a check for $2,500 to pay the bond. Attorney Floyd Gibson filed a motion to reconsider the ruling on application to set aside the judgment of bond forfeiture, alleging error in service for the December 20, 1990 appearance date. After a hearing on September 20, 1991, the magistrate court ruled in favor of the surety company and set aside the judgment of bond forfeiture. The State's appeal followed.
The State contends that the judgment of bond forfeiture should be upheld because: (1) the defendant failed to appear within six months from mailing of the bond forfeiture notice pursuant to LSA-R.S. 15:85(A)(3); and (2) the surety failed to assert a defense to the bond forfeiture timely within 60 days as mandated by LSA-R.S. 15:85(A)(2)(a).
*757 At the hearing of September 20, 1991 the magistrate court stated:
THE COURT:
All right. I am satisfied that the judgment of bond forfeiture entered December 20 was a correct judgment. But I wish to point out that the defendant appeared on July 26. The certified mail of notice of bond forfeiture was sent to the surety company on January 16. It was, according to the documents just presented by the State which corresponds to the minute entry. Now, that leaves a gap of ten days. As I started to say 15:85.2c reads in part, "any judgment forfeiting an appearance bond rendered under the provisions of this session (sic) shall at any time within six months after mailing of notice is set aside on the surrender or the appearance of the defendant". The mailing of notice. A rather harsh remedy when we're talking about ten days. I don't think the mailing of notice is going to provide anybody with sufficient notice. That's sort of like stamping a seizure of property on the Courthouse door. It's not sufficient notice as far as I'm concerned. If they got returned receipts, the very requisite of asking for certified mail is to make sure that notice has in fact been given. You don't get that with dropping something in the mail. So, the statute itself is contradictory in its intent in the way it is trying to bring that intent about. That is to provide adequate notice to a surety that there has been a bond forfeiture, yet instead of dating the six months from the return or the signing of the receipt it dates it from the mailing, which isI don't know about you guys, but it sort of offends my sense of reasoning. On the one hand, you want to be sure that the surety receives notice by sending certified mail, and on the other hand, they say, don't look at the date it's signed, the time starts running when you mail it. As a matter of fact in the record all we have is the date of mailing. We don't even have the signed receipt. We don't know from the record now if the surety ever received notice, because there is no return receipt in the record. So, for that reason
* * * * * *
... For that reason, I'm going to set aside this bond forfeiture. And, if you look at time limitations in general, limitations, that's almost like a throw back to the old writ system where attorney's (sic) made money because they knew which action to file, not based upon the merit of their case. Missing by ten days is too harsh of a remedy on a bond forfeiture. Set the Motion for Bond Forfeiture aside. Judgment granted for the defense.
LSA-R.S. 15:85 provides:
Sec. 85. Forfeiture before district court; procedure
A. All bonds taken to secure the appearance of any person
before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.

*758 (b) "Notice to the defendant," for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant's surety.
(2)(a) If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause to be recorded in every parish in which he thinks the recordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid within six months of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. A sixty-day period from mailing of proper notice herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section. The provisions of this Paragraph shall not be construed to adversely affect any rights granted in Paragraph (3) of this subsection, or R.S. 15:87.
(b) In addition, the court may provide by court rule for the filing of an offset claim against the principal with the secretary of the Department of Revenue and Taxation, in accordance with R.S. 47:299.1 through 299.19.
(3) Any judgment forfeiting an appearance bond rendered under the provisions of this Section shall, at any time within six months after mailing of notice, be set aside upon the surrender or the appearance of the defendant.

B. All bonds taken to secure the appearance of any person before any district court, executed by a personal surety, except at a preliminary examination, shall be forfeited and collected as follows:
(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place in the record.
(2)(a) If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment had not been paid within the six months after the mailing of notice the district attorney shall cause to issue a fieri facias against both the principal and his sureties.
(b) In addition, the court may provide by court rule for the filing of an offset claim against the principal with the secretary of the Department of Revenue and Taxation, in accordance with R.S. 47:299.1 through 299.19.
(3) Any judgment forfeiting an appearance bond rendered under the provision at any time within six months after mailing the notice shall be set aside, upon the surrender or the appearance and trial and conviction or acquittal of the defendant, or upon a continuance granted upon motion of the district attorney after such appearance. (Emphasis added.)
The defendant was surrendered to the criminal sheriff's office only a few days after the six-month time limit set forth in LSA-R.S. 15:85(A)(3) from mailing notice *759 of the forfeiture to the surety; however, in the hearings or by brief, Floyd Gibson failed to raise the issue that defendant's surrender should be considered timely. Although the magistrate court notes that the record does not contain the certified mailing receipt showing that the notice was received by the surety, the surety did not claim that it did not receive notice of the bond forfeiture timely after it was mailed on January 16, 1991. LSA-R.S. 15:85(A)(3) states that the judgment of bond forfeiture shall be set aside where the defendant is surrendered within six months after mailing of the notice. The provisions of the bond forfeiture statute should be strictly construed. State v. Canto, 600 So.2d 152 (La.App. 3 Cir.1992). Although the magistrate court notes that a harsh remedy is created when talking about ten days, the time limit given to the defendant to make an appearance or be surrendered is six months. The defendant's surrender was untimely.
The State also argues that the surety has waived any defenses as to the sufficiency of the evidence to support the judgment of bond forfeiture. The State contends that lack of service is a "defense" that the defendant lost by failing to assert it within the sixty-day peremptive period provided by LSA-R.S. 15:85(A)(1). In State v. Bibbins, 609 So.2d 852 (La.App. 4 Cir.1992), this court distinguished LSA-C.C.P. art. 2002 nullities from a "defense" under LSA-R.S. 15:85, noting that:
This case is distinguishable from those cited by appellant in its application in which the bond forfeiture judgment was an absolute nullity because the judgment was subject to a vice of form listed in Code of Civil Procedure article 2002. The failure to properly serve a defendant, his surety, or the surety's agent or bondsman in a criminal proceeding with process, as required by law, is a vice of form upon which a judgment can be nullified. State v. Likens, 577 So.2d 285 (La.App. 3rd Cir.1991) [writ denied 580 So.2d 386 (La.1991)]. See also, State v. Posey, 550 So.2d 1368 (La.App. 5th Cir. 1989) [reversed on other grounds, 556 So.2d 836 (La.1990) ], State v. Overton, 504 So.2d 1098 (La.App. 5th Cir.1987); State v. Bailey, 567 So.2d 721 (La.App. 2nd Cir.1990).
In the present case the defendant and surety's pleadings attacking the judgment of bond forfeiture for lack of service of process raise the issue of absolute nullity of that judgment under LSA-C.C.P. art. 2002(2).[2] The sixty-day period provided by LSA-R.S. 15:85(A)(1) does not apply to LSA-C.C.P. art. 2002 nullities. A judgment rendered against a party who has not been properly served and who has not appeared is an absolute nullity. Citybank (South Dakota) N.A. v. Keaty, 599 So.2d 500 (La.App. 3 Cir.1992). Such a nullity may be asserted collaterally and at any time. LSA-C.C.P. art. 2002; First Nat. Bank v. Rall, 607 So.2d 716, 717 (La.App. 4 Cir.1992); Nethken v. Nethken, 307 So.2d 563 (La.1975). LSA-R.S. 15:85(A)(2)(a) states that the "sixty day period herein constitutes an appeal period ..." (emphasis added). Pursuant to LSA-C.C.P. art. 2005[3] the judgment may be annulled for vices of form after the delays for appealing *760 have lapsed [in this case after the 60-day time limit for appealing provided under LSA-R.S. 15:85(A)(2)(a) ].
The defendant and surety were not required to bring a direct action entitled "Petition for Nullity." Webster v. Boh Bros. Co., Inc., 603 So.2d 761 (La.App. 4 Cir.1992). The title on the pleadings is not controlling. Webster, id., at 764. Under our system of fact pleading, once the defendant specifically pleads lack of service, it is sufficient to consider the nullity of the judgment regardless of whether the defendant actually used the word "nullity". LSA-C.C.P. arts. 854 and 862.
Bond forfeitures are not favored, and before a judgment of forfeiture may be entered, the State must comply strictly with statutory provisions. State v. Bailey, 567 So.2d 721 (La.App. 2 Cir.1990). Under LSA-C.C.P. art. 2006 "[a]n action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellate court." See Credeur v. Borel, 551 So.2d 662 (La.App. 3 Cir.1989). In the present case, because the magistrate court addressed the issue of proper service at an evidentiary hearing on September 20, 1991 on the surety's motion to reconsider the ruling on application to set aside the judgment of bond forfeiture (considered as a petition for nullity), a review of the magistrate's ruling is properly before this court.
In State v. Armour, 564 So.2d 340 (La. App. 5 Cir.1990), writ denied 569 So.2d 962 (La.1990), a remand was warranted for an evidentiary hearing to determine whether the statutory requirements for obtaining a valid and enforceable judgment of bond forfeiture had been met at court proceedings where the minute entry of that date indicated only that the defendant failed to appear for trial, that an attachment was issued, and that the judgment of bond forfeiture was rendered.
Without a transcript or some other evidence that the bond and notice to the insurer were not admitted into evidence in the bond forfeiture proceeding, the court of appeal was unable to conclude that the forfeiture judgment was not based upon sufficient evidence. Therefore the appellate court affirmed the trial court's dismissal of the surety's petition for nullity of judgment in American Bankers Ins. Co. v. State, 581 So.2d 313 (La.App. 1 Cir.1991).
In State v. Nieves, 581 So.2d 355 (La. App. 4 Cir.1991), writ denied 588 So.2d 1115 (La.1991), this court held that although subpoenas themselves did not appear in the record, transcripts of hearings, minutes entries and notes of the clerk of court, reflecting that notice to the surety was introduced by the State as exhibits, provided sufficient evidence to affirm the trial court's denial of the surety's motion to have the bond forfeiture declared null.
Notice to the surety applies only in a felony case and not to a misdemeanor. LSA-C.Cr.P. art. 337; State v. Tykocinski, 502 So.2d 1145 (La.App. 4 Cir.1987), writ denied 503 So.2d 465 (La.1987). However, the surety raised the issue of service on the defendant rather than the surety. If the defendant appears as ordered and the proceeding is continued to a specific date, no additional notice of appearance date need be given to the defendant and the surety on the bail bond. LSA-C.Cr.P. art. 337; LSA-R.S. 15:85; State v. Brown 589 So.2d 38 (La.App. 1 Cir.1991); State v. Zavala, 590 So.2d 744 (La.App. 3 Cir.1991). According to the minute entry dated May 3, 1990 in the instant case, the defendant appeared in magistrate court and was present when the trial date was set for September 20, 1990. Notice to the defendant for his trial date conformed with the requirements of LSA-C.Cr.P. art. 337 and LSA-R.S. 15:85.
The transcript of the evidentiary hearing on September 20, 1991 also shows that the magistrate court considered the issue of proper service for December 20, 1990, the date of the bond forfeiture hearing. Defense counsel asserted that the minute entry of December 20, 1990 and the docket master entry did not reflect that the State produced any exhibits to show that the defendant was properly served. The State pointed out that the fact that the minute entry did not itemize any exhibits *761 did not mean that the State did not produce the exhibits. The State stated that it provided the surety with notice of the hearing on the bond forfeiture for December 20, 1990 although the service on the defendant Howard McCreary came back "unknown at that address."
In State v. Anthony, 525 So.2d 247 (La. App. 1 Cir.1988), where the defendant failed to provide the State with a correct address, the defendant's failure to receive actual notice did not prevent the State from obtaining forfeiture of the bail bond.
In the present case in the bail bond agreement, the form states that the defendant:
will at all times hold himself amenable to the orders and process of the Court ... and shall not depart thence without the leave of said Court....
Underneath the defendant's signature in capital letters, the bail bond agreement further states:
AS FURTHER CONSIDERATION OF THIS BOND, I AGREE TO IMMEDIATELY NOTIFY THE CLERK OF COURT OF ANY CHANGES OF MY ADDRESS, DIFFERENT FROM THE ADDRESS I NOW GIVE UNDER THE PENALTY OF CONTEMPT.
If the defendant were not obliged to give a correct address, he could thwart the State's efforts to deliver notice to him and the defendant would not be obligated to appear in court.
Further, LSA-C.Cr.P. art. 337 requires notice to the defendant when the matter is set for a court hearing in the defendant's primary case; however, the presence of the defendant is unnecessary at the actual bond forfeiture hearing. Otherwise, a bond could not be forfeited if the defendant failed to appear. The purpose of the bond forfeiture hearing and the surety's liability on the bond is based on the defendant's non-appearance for a prior court date, which in this case was the trial date of September 20, 1990. The defendant is not required to appear at the bond forfeiture hearing itself, and notice to the defendant of that hearing is not required.
Considering that notice to the defendant conformed to the requirements of LSA-R.S. 15:85 and LSA-C.Cr.C. 337, the original judgment of bond forfeiture entered on December 20, 1990 was proper. Accordingly, we reverse the ruling of the magistrate court setting aside the bond forfeiture. We reinstate the original judgment of bond forfeiture in favor of the State and against the surety.
REVERSED.
NOTES
[1] LSA-R.S. 15:84(B) provides:

A suspensive appeal may be taken, as hereinafter provided, at any time within ten days after the judgment of forfeiture has been rendered. If the bond has been given in a case in which a felony has been charged, that appeal shall be to the supreme court; if in a case in which a misdemeanor has been charged, to the district court having criminal jurisdiction. No appeal shall be allowed from the forfeiture of an appearance bond given in a misdemeanor case tried before a district court sitting as a committing magistrate, but the legality of such forfeiture may be inquired into under the supervisory powers of the supreme court.
[2] LSA-C.C.P. art. 2002 provides:

Art. 2002. Annulment for vices of form; time for action
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
[3] LSA-C.C. art. 2005 provides:

Art. 2005. Annulment of judgments; effect of appeal
A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
An action of nullity does not affect the right to appeal.