665 So.2d 66 (1995)
STATE of Louisiana
v.
Rico LANNS.
No. 95 CA 0781.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
Aaron Brooks, Baton Rouge, for State of Louisiana.
Michael Launey, Baton Rouge, for Defendant-Appellee Rico Lanns.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
LOTTINGER, Chief Judge.
The State of Louisiana appeals the judgment of the district court setting aside a judgment of bond forfeiture entered against Rico Lanns and American Bonding Company.

FACTS
Defendant, Rico Lanns, was charged with possession of cocaine. La.R.S. 40:967(C). Bail was set at $5,000.00 and a bond was executed for that amount by American Bonding Company. When the defendant failed to appear in open court for arraignment on October 18, 1993, a bench warrant was issued and a judgment of bond forfeiture was signed. On January 12, 1995, the surety brought the defendant into court, the bench warrant was recalled and the surety sought to have the judgment of bond forfeiture set aside. The judgment was set aside on April 18, 1995. The state appeals, asserting that the surety provided no evidence nor legal reason why the judgment should be set aside.

DISCUSSION
La.R.S. 15:85 provides in pertinent part:
(10) Satisfaction of judgment of bond forfeiture. Any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within six months, after mailing of the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the defendant. The appearance of the defendant shall operate as a satisfaction of the judgment and the surrender shall operate as a *67 satisfaction of the judgment and shall fully and finally relieve the surety of any and all obligations under the bond....
Although the defendant did not appear in court within six months following the mailing of the notice of the judgment of bond forfeiture, the surety asserts that under the particular facts of this case, the judgment should be set aside.
At the hearing on the motion to set aside the judgment, the surety testified that upon receiving proper notice of the bond forfeiture in January or February of 1994, he contacted the defendant and the defendant stated that he had "taken care of his business." The surety verified the defendant's claim by contacting the jail and asking if there was an outstanding bench warrant for the defendant. At that time, the surety was told that the computer showed no bench warrant for the defendant.
The surety further testified that it was not until 1995 that he learned that the defendant had never been to court. The surety contacted the jail a second time and was told by Sergeant C.J. Hidalgo that the computer showed no outstanding bench warrant for the defendant. Sergeant Hidalgo verified the surety's testimony by stating that the surety had recently contacted him and that the computer showed no bench warrant for the defendant. The documentary evidence indicates that the 1993 warrant was not recalled until January 12, 1995, the first day of the hearings on the motion to set aside the judgment of bond forfeiture.
At the conclusion of the hearing, the district court stated:
The bondsman brought Mr. Lanns in tried to bring him in one time. No bond onno bench warrant on the record, so he didn't bring him in. He found him a second time and he finds out there is a warrant. And we now have Mr. Lanns, so I don't think that the bond should be forfeited since we have the body.
. . . . .
[The surety] talked to [Sergeant Hidalgo] at sometime. That gives credibility to what the bondsman is telling me. So as a matter of credibility I find that he tried to bring him in within the six months.
In setting aside the judgment, the district court concluded that the surety would not be liable on the bond where the surety proved that he had located the defendant within six months but did not produce the defendant because information obtained from the jail indicated that the defendant had appeared in court.
Generally, the provisions of the bond forfeiture statute are strictly construed. State v. Washington, 386 So.2d 89, 91 (La. 1980); State v. McCreary, 619 So.2d 755, 759 (La.App. 4th Cir.1993). Courts have held that a judgment of bond forfeiture will not be set aside when a defendant fails to appear within six months following the mailing of the notice of the judgment. Washington, 386 So.2d at 91; McCreary, 619 So.2d at 759.[1] However, under the particular facts of this case, we agree that the surety should not be penalized for failing to produce the defendant timely when that failure was due to a reasonable reliance on false information provided by representatives of the state.
Within six months after the mailing of the notice, the surety contacted the defendant and the jail to determine whether the defendant had appeared in court. After a search of the jail's computer files, the surety was informed that there was no outstanding bench warrant for the defendant. This false information confirmed the defendant's claim that he had "taken care of his business". Based on this information, the surety assumed that the defendant had appeared in court, thus, satisfying the judgment of bond forfeiture in accordance with La.R.S. 15:85. The surety's failure to produce the defendant within six months was due directly to misinformation supplied by representatives of the state. The surety should not now be penalized for reasonably relying on the information *68 which indicated that the judgment of bond forfeiture had been satisfied.

CONCLUSION
For the forgoing reasons we affirm the judgment of the district court setting aside the judgment of bond forfeiture. The state is cast for costs of this appeal in the amount of $150.56.
AFFIRMED.
FITZSIMMONS, J., concurs with reasons.
GONZALES, J., respectfully dissents.
GONZALES, Judge, dissenting.
I dissent for the reasons assigned by the majority in State v. Washington, 386 So.2d 89 (La.1980).
FITZSIMMONS, Judge, concurring.
The defendant failed to appear for arraignment on October 18, 1993. At that time a bench warrant was issued. The defendant was surrendered by the surety on January 12, 1995, or one year and three months after his failure to appear. The surety made continued efforts to determine the defendant's status by repeatedly checking the State's records. I agree with the following reasoning as set forth in Justice Lemmon's dissent in State v. Washington, 386 So.2d 89 (La. 1980):
When the statutory conditions are met, the bond forfeiture must be set aside, and no discretion is allowed. However, no positive law prohibits the trial judge from setting aside the bond forfeiture if the defendant is surrendered by the surety after the statutory period, but within sufficient time for the state to utilize its evidence and obtain a conviction....
NOTES
[1] In Washington and McCreary the bond forfeiture judgments were not set aside because the defendants failed to appear or surrender within six months. However, Washington and McCreary are distinguishable because there was no evidence that the sureties' efforts to produce the defendants were hindered by misinformation supplied by representatives of the state.