_L¡WATKINS, Judge.
A bonding company has appealed a trial court judgment dated July 14, 1992, which denied its motion to have set aside a judgment of bond forfeiture dated August 27, 1991. The bonding company’s motion was filed on March 2, 1992.
The record reveals that the trial court ordered the bond forfeited on August 27,1991, and that written notice to the surety was issued that date by the Clerk of Court for the 19th Judicial District Court. The notice triggered the running of a 60-day time period for opposing the forfeiture or for filing an appeal. LSA-R.S. 15:8s.[1] The bonding company neither asserted a defense to the judgment of bond forfeiture nor perfected an appeal of the 1991 judgment within the 60-day time period. Thus, the motion filed by the bonding company came after the judgment Rof forfeiture had become final; consequently, the July 14,1992 judgment rendered on this motion was invalid. We lack jurisdiction to entertain this appeal by the bonding company because it is an appeal from the July 14,1992 judgment, which was an invalid judgment, and the appeal is untimely as to the bond forfeiture judgment. See Jones v. Gillen, 564 So.2d 1274 (La.App. 5th Cir.), writs denied 568 So.2d 1080, 1081 (La.1990.)
Accordingly, we dismiss the appeal at appellant’s costs.
DISMISSED.

. LSA-R.S. 15:85 provides in pertinent part:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(2)(a) If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded.... If the judgment has not been paid within six months of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. A sixty-day period from mailing of proper notice herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section. (Emphasis supplied.)