633 So.2d 704 (1993)
STATE of Louisiana
v.
Dwayne RICHARDSON.
No. 93 CA 0059.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
*705 Aaron D. Brooks, Baton Rouge, for State.
Martin Regan, Jr., New Orleans, for Dwayne Richardson.
Graymond F. Martin, New Orleans, for Ranger Ins., International Fidelity Ins., National American Ins., Gramercy Ins., Bankers Ins.
Before WATKINS, SHORTESS and FOGG, JJ.
WATKINS, Judge.
The State appeals a judgment vacating a judgment of bond forfeiture against five bonding companies.
On May 21, 1991, the defendant, Dwayne Richardson, pled guilty to possession with intent to distribute cocaine and possession with intent to distribute marijuana. The court deferred sentencing until August 21, 1991, and ordered a pre-sentence investigation report. Thereafter, the matter was continued on July 29, 1991, October 23, 1991, and December 18, 1991. On January 30, 1992, the court set a post-conviction bond in the amount of $300,000. On the same date the court ordered the matter continued until February 7, 1992, for sentencing, giving the defendant notice of the date in open court. On February 2, 1992, the defendant posted a post-conviction bond in the amount of $300,000. The bond was posted through the powers of attorney for the following surety companies: Gramercy Insurance Company in the amount of $25,000; International Fidelity Insurance Company in the amount of $25,000; Bankers Insurance Company in the amount of $50,000; National American Insurance Company in the amount of $100,000; and Ranger Insurance Company in the amount of $100,000. No appearance date was given on the bond. No notice of the February 7, 1992 sentencing date was given to the sureties or the bondsmen. The defendant failed to appear for sentencing on February 7, 1992; consequently, the court ordered a bench warrant be issued for his arrest. The matter was thereafter fixed for bond hearing on February 14, 1992, and the court ordered that the sureties be given notice. The sureties were served on February 12, 1992, and a hearing was held on February 14, 1992. The court ordered a bond forfeiture against National American and set a bond forfeiture hearing for the remaining sureties on February 27, 1992. The sureties were not provided notice of the February 27, 1992 hearing. On February 27, 1992, judgments of bond forfeiture were ordered against all five sureties.[1] The court also ordered that notice of the entry of the forfeiture be sent to the principal and the surety, as well as the agent of the surety, all in compliance with LSA-R.S. 15:85. On June 18 and June 23, 1992, motions were filed to set aside the judgments of bond forfeiture and in the alternative to nullify the judgments.
The trial court annulled the judgments of bond forfeiture against all five sureties on September 11, 1992, for the following reasons:
The record indicates that all sureties received actual and prompt notice of the defendant's failure to appear on 2/7/92 for sentencing. However, that Art. 337 notice, though ordered sent on 2/7/92, was not actually served on the sureties until 2/12/92 before the bond hearing date of 2/14/92. Art. 337 C.Cr.Pr. requires two full days' notice prior to a valid bond forfeiture judgment being entered. Although the bond hearing was not held until 2/27/92, no further notices were sent to the sureties. In light of this fact, and the strict requirements of Art. 337 and R.S. 15:85, and the Court being of the opinion that the interest of justice will be better served if the sureties are given full and adequate preforfeiture notice, as requested, the Court orders Art. 337 preforfeiture notices be sent to the defendant at his address on the bond, and to the sureties through their agents, and that a bond hearing is set for Oct 1st, 1992 at 11:00 a.m.
*706 The State contends on appeal that the trial court erred in classifying the judgment in this case as an absolute nullity. The State contends that the failure to give the full two-day notice should not be considered sufficient grounds to declare this judgment an absolute nullity. Furthermore, the State argues that because the sureties failed to assert this defense within the 60-day period as required by LSA-R.S. 15:85(A)(2)(a), they have waived their right to do so.
Bond forfeitures are not favored, and before a judgment of forfeiture may be entered, the State must comply strictly with the provisions of LSA-R.S. 15:85[2] and LSA-C.Cr.P. art. 337.
All bonds taken to secure the appearance of any person before a district court executed by a surety company or an agent of a surety company shall be forfeited and collected if, at the time fixed for the appearance of the person, such person fails to appear. LSA-R.S. 15:85A. On motion of the district attorney, the judge shall hear "proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337...." LSA-R.S. 15:85A(1).
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety or an agent or bondsman of the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety or an agent or bondsman of the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety or an agent or bondsman of the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant's nonappearance on that particular date.
*707 According to LSA-C.Cr.P. art. 337, the written notice to the surety of the time, date, and place the principal is required to appear is required except, (1) when the bail bond fixes the appearance date; (2) when the principal appears as ordered and the proceeding is continued to a specific date; and (3) when the appropriate notice is sent to the agent or bondsman of the surety. Failure to comply strictly with the notice requirements of LSA-C.Cr.P. art. 337 relieves the surety from liability on a judgment of forfeiture for the defendant's appearance on that particular date and is a sufficient basis to annul a judgment of bond forfeiture notwithstanding the sixty-day period for appeal set forth in LSA-R.S. 15:85(A)(2)(a). State v. Salgologo, 491 So.2d 361 (La.1986); State v. Overton, 504 So.2d 1098 (La.App. 5th Cir.1987).
In the instant case the State did not fully comply with the requirements of LSA-C.Cr.P. art. 337 in that the surety did not receive the appropriate notice prior to the appearance date of February 7, 1992, which notice was required because the bond did not have an appearance date listed on it. Although the defendant was given notice of the February 7, 1992 sentencing date on January 30, 1992, this notice did not relieve the State of its duty to give the surety notice of the appearance date because the bond was procured on February 2, 1992, subsequent to such notice. The State's attempt to cure this defect by serving the surety with a one-day notice of the bond forfeiture hearing of February 14, 1992, and then continuing the bond forfeiture hearing to February 27, 1992, without further notice was too little too late.[3]
For the reasons set forth, we affirm the judgment of the trial court. Costs of this appeal in the amount of $230.35 are assessed to the State of Louisiana.
AFFIRMED.
SHORTESS, J., dissents with reasons.
SHORTESS, Judge, dissenting.
The majority vacates the judgment of bond forfeiture, finding the State did "too little too late." In my opinion, the State did more than was required of it.
The provisions of bond forfeiture statutes must be strictly construed. State v. McCreary, 619 So.2d 755, 759 (La.App. 4th Cir.1993); State v. Canto, 600 So.2d 152 (La. App. 3d Cir.1992). Before a court may order a bond forfeiture, the State must establish it gave or attempted to give proper notice if such is required by Code of Criminal Procedure article 337. Canto, 600 So.2d at 154.
Defendant was present in court when this matter was continued to February 7, 1992. Article 337 provides in pertinent part: "If the principal appears as ordered and the proceeding is continued to a specific date, the surety or an agent or bondsman of the surety need not be given notice of the new appearance date." (Emphasis ours.) Under the clear language of the article, the State was not required to give notice to the surety. When it gave the surety notice of the bond forfeiture hearing of February 14, 1992, it did more than the statute required.
I respectfully dissent.
NOTES
[1] The court ordered a second bond forfeiture against National American. There is no explanation in the record for a distinction between National American and the other sureties.
[2] LSA-R.S. 15:85 provides:

A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
(b) `Notice to the defendant,' for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant's surety.
(2)(a) If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid within six months of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. A sixty-day period from mailing of proper notice herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section....
[3] Although, for the sake of argument we have treated the notices of bond forfeiture as notices of appearance dates, we note that the notice required by LSA-C.Cr.P. art. 337 is applicable only to those instances where defendant's appearance is required. Defendant's appearance is not required at a bond forfeiture hearing. The law does not provide for notice to the surety of bond forfeiture hearings. LSA-R.S. 15:85A; State v. Cole, 618 So.2d 4 (La.App. 3d Cir.1993).