672 So.2d 405 (1996)
STATE of Louisiana
v.
Joey WILLS.
No. 94 CA 2474.
Court of Appeal of Louisiana, First Circuit.
April 4, 1996.
Doug Moreau, District Attorney, Gwendolyn K. Brown, Asst. District Attorney, Baton Rouge, Attorney for Plaintiff-Appellee.
William Noland, Gregory K. Voigt, New Orleans, for Defendant-Appellant American Bonding Company.
Before WATKINS and FOIL, JJ., and TANNER, J. Pro Tem.[1]
*406 WATKINS, Judge.
In this bond forfeiture case, American Bonding Company (American) has perfected an appeal from a judgment rendered August 23, 1994, dismissing its "Petition for Nullity of Judgment and Motion for Discharge and Release of Surety."
As a threshold issue the State, by motion, urges us to dismiss the appeal, contending the trial court was without jurisdiction to consider the merits of the surety's motion after the expiration of the 60-day time period of LSA-R.S. 15:85 for asserting a defense to or taking an appeal from a judgment of bond forfeiture. American counters this argument with the proposition that the action for annulment of a judgment is available with respect to bond forfeiture judgments, and that the nullity action is a separate means by which to challenge the forfeiture judgment and does not act as a substitute for a defense on the merits or an appeal.
We have considered the statutes and cases cited by both parties, and we conclude that the appellant states the correct application of the law to the facts of the instant case.
The case cited by the State is not directly on point in a bond forfeiture case. Jones v. Gillen, 564 So.2d 1274 (La.App. 5th Cir.), writs denied, 568 So.2d 1080, 1081 (La.1990), was a personal injury case in which two judgments were rendered by the trial court. The first judgment was rendered following a jury verdict that assessed percentages of fault and awarded damages accordingly. The second judgment, rendered after two hearings on a motion to amend the judgment, made substantive changes to the first judgment. The appellant attempted to appeal from the second judgment. The appellate court held that because the substantive change was not made pursuant to a timely motion for new trial or a timely appeal, the second judgment was invalid. Thus, the appellate court lacked jurisdiction to consider an appeal from the invalid (second) judgment, and the appeal was untimely as to the valid (first) judgment.
Reliance on Jones v. Gillen for the lack of jurisdiction in this case is misplaced, and the State's argument lacks merit. The Jones v. Gillen rule would apply herein only if the 1994 judgment were invalid. Even if American's petition was barred by the time limitation of LSA-R.S. 15:85, the judgment dismissing the petition cannot be said to be invalid. Accord, State v. Richardson, 633 So.2d 704 (La.App. 1st Cir.1993). Contra, State v. Byrd, 640 So.2d 259 (La.App. 1st Cir.1993).
Despite the conflicting cases, we are now of the opinion the statutes and cases relied on by appellant are controlling. See Gennuso v. State, 339 So.2d 335 (La.1976). The 60-day period provided in LSA-R.S. 15:85 applies only to the assertion of a defense to the forfeiture or an appeal from that judgment and not to an action to annul a forfeiture judgment for vices of form or substance, which action is brought pursuant to LSA-C.C.P. art. 2001, et seq.; State v. Cook, 616 So.2d 272 (La.App. 2d Cir.1993).
A bond forfeiture is a civil proceeding, State v. Wheeler, 508 So.2d 1384 (La. 1987), and LSA-C.C.P. art. 2001 et seq. provide the exclusive grounds for civil nullity actions. A judgment can be annulled only when there is a vice of form or substance. LSA-C.C.P. art. 2001. If American's action is classified as an action to annul a judgment for vices of form, pursuant to LSA-C.C.P. art. 2002, then it is timely because such an action can be brought at any time unless the defendant has voluntarily acquiesced in the judgment. Compare Gennuso v. State, supra, in which the action under Article 2002 was unavailable because the bonding service had paid the judgment of forfeiture in full before filing for nullity. If American's action is classified as an action to annul a judgment for vices of substance, then the one-year time limitation of LSA-C.C.P. art. 2004 is applicable. However, American's action for nullity of the November 23, 1993 judgment of forfeiture was brought on August 23, 1994, nine months after the allegedly null judgment, and thus it was not barred by Article 2004.
Accordingly, there is no merit to the State's motion to dismiss the appeal.

THE BAIL UNDERTAKING
Article 326 of the Louisiana Code of Criminal Procedure governs the conditions of *407 the bail undertaking, with the following pertinent language:
B. Upon conviction and imposition of sentence or the pronouncement of sentence or condition of probation pursuant to Articles 893 and 894 and R.S. 40:983, the bail undertaking shall cease and the surety shall be relieved of all obligations under the bond. If necessary to assure the presence of the defendant at all future stages of the proceedings, if any, the court may in its discretion require the defendant to post another bond or other acceptable security, or may release the defendant on bail without surety as provided for in Article 325. The court may continue the existing bail under taking with the written approval of the surety on the bond. Such approval must be obtained after conviction and imposition of sentence or the pronouncement of sentence or conditions of probation pursuant to Articles 893 and 894 and R.S. 40:983.
Mr. Wills was sentenced on October 8, 1993, and was remanded to the custody of the Sheriff of East Baton Rouge Parish. American did not give written approval for the continuance of the bond after conviction and imposition of sentence. Absent such written approval of the surety, the bail undertaking ceased by operation of law, and the surety was released from all obligations under the bond. Consequently, there was no valid bail bond undertaking by American in place when the trial court ordered the bond forfeited on November 18, 1993, after Mr. Wills failed to make one of his post-conviction, court-ordered appearances. See dissenting opinion in State v. Lutze, 441 So.2d 1297 (La.App. 1st Cir.1983), reversed on other grounds, 452 So.2d 165 (La.1984).
The appearance bond contract executed by the State, the defendant, and the surety, and relied on by the trial court and the State to support the continuance of the surety's obligation post conviction, did contain a provision for continuance of the obligation. However, the contract between the parties cannot supersede the unambiguous, specific statutory provision regulating the bonding obligation. When dealing with bonding companies, the State has a duty to comply strictly with applicable statutory provisions. See State v. McCart, 627 So.2d 761 (La.App. 2d Cir.1993). Thus, the judgment of bond forfeiture was rendered pursuant to an error of law and is a nullity.
Accordingly, we vacate the judgment of the trial court dismissing American's petition for nullity. We render judgment in American's favor declaring the judgment of forfeiture null and void and declaring American released from its bail bond obligation for Mr. Wills. We cast the State for costs of this appeal in the amount of $195.20.
REVERSED AND RENDERED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.