688 So.2d 191 (1997)
STATE of Louisiana
v.
Joseph POLK.
Nos. 96-CA-1785 to 96-CA-1788.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 1997.
Rehearing Denied March 14, 1997.
John F. Rowley, District Attorney, Parish of St. Bernard, Darren M. Roy, Assistant District Attorney, Parish of St. Bernard, Chalmette, for Appellee.
William Noland, Gregory K. Voigt, New Orleans, for Appellant Bankers Insurance Company.
Before BYRNES, JONES and LANDRIEU, JJ.
*192 LANDRIEU, Judge.
The State charged Joseph Polk with four criminal offenses in St. Bernard Parish. Polk posted an appearance bond in the amount of $25,000, which he secured from Bankers Insurance Company through their agent, Steve's Bail Bonding Company. On December 27, 1994, the State notified Polk, the surety and the local agent of the surety that Polk would be arraigned on January 23, 1995. Polk did not appear for his scheduled arraignment.
The State filed a "Motion to Produce Defendant or Forfeit Bond." Polk, as well as the surety and its agent on the bond were notified that a show cause hearing would be held on March 6, 1995 to determine whether the bond would be forfeited. The State moved to forfeit the bond when none of the parties appeared for the show cause hearing. The State presented proof that Polk and his surety were notified as required by law. The trial court entered judgment, which was signed on March 20, 1995, against Polk and Bankers Insurance, ordering that the bond be forfeited. The judgment was amended to correct a typographical error and, as amended, was signed on March 31, 1995. The Clerk of Court sent an affidavit to the surety and their agent on April 4, 1995 notifying them of the bond forfeiture.
The surety, Bankers Insurance, filed a petition for nullity of the bond forfeiture on January 11, 1996. The pleadings also included motions to release the surety from its obligations on the bond and for a stay order. The trial court immediately denied the stay order and set trial for February 26, 1996 on the remaining matters. On February 26th, the State filed its answer to the petition and a peremptory exception of prescription. The trial court rendered judgment on May 24, 1996, dismissing the petition for nullity.
Bankers Insurance then brought this appeal, contending that it should be released from its obligations on the bond by operation of law because the State did not provide it with timely notice of the forfeiture as provided by statute. The bond forfeiture statute provides as follows:
Failure to mail proper notice of the signing of the judgment [of bond forfeiture] within sixty days after the defendant's failure to appear shall release the sureties of any and all obligations under the bond.
La.Rev.Stat. § 15:85(3)(c). Bankers Insurance argues that more than sixty (60) days had elapsed between January 23rd, when Polk "failed to appear" and April 4th, when they were given notice that the bond forfeiture judgment had been signed.
As support for its contentions, Bankers Insurance argues that a defendant is not required to appear at every stage of a felony proceeding although the arraignment is a required appearance. La.Code Crim. Proc. arts. 831 and 553. The defendant's presence is not required at a bond forfeiture hearing. State v. McCreary, 619 So.2d 755 (La.App. 4th Cir.1993); State v. McCart, 627 So.2d 761 (La.App. 2nd Cir.1993); State v. Bercy, 628 So.2d 1323 (La.App. 3rd Cir.1993), writ denied, 94-0064 (La.3/11/94), 634 So.2d 397. "The purpose of the bond forfeiture hearing and the surety's liability on the bond is based on the defendant's non-appearance for a prior court date...." McCreary, 619 So.2d at 761.
The State argues that the sixty day period did not begin to run until March 6th, the date Polk failed to appear for the bond forfeiture hearing. The State contends that the hearing on March 6th was simply a continuation of the arraignment begun on January 23rd, and that the hearing on the bond forfeiture was actually held the next day, March 7, 1995.
The record before this Court does not substantiate the State's version of the facts. There is confusion in the record as to whether the actual date of the bond forfeiture was March 6th or 7th. The trial judge's Reasons for Judgment, however, states that judgment was rendered on March 6, 1995, only parenthetically noting that the minute entry is dated March 7. Hence, although the alternative dates are of no moment for the purpose of application of La.Rev.Stat. § 15:85(3)(c), our review of the record convinces us that the actual bond forfeiture hearing was conducted on March 6, 1995 and that this hearing was not a continuation of the arraignment. Rather, it was a forfeiture procedure, and Polk's appearance was not required.
*193 Because bond forfeitures are not favored in the law, it is well-settled that the State must adhere strictly to the procedural guidelines in the forfeiture statutes. State v. Hathaway, 403 So.2d 737 (La.1981). The State is not required to move for a bond forfeiture every time a defendant fails to appear as ordered. The motion for forfeiture is made at the discretion of the prosecutor. State v. Batiste, 94-1237 (La.App. 3 Cir. 4/5/95), 653 So.2d 127; La.Rev.Stat. § 15:85(1). Likewise, the State is not required to move for forfeiture of the bond on the date of the defendant's nonappearance. State v. McCart, supra. However, the forfeiture process must still be completed within sixty days of the defendant's failure to appear at a required court appearance. Discussing the statutory scheme contained within the bond forfeiture proceedings, the court in State v. Rotramel, 95-1074 (La.App. 3 Cir. 1/31/96), 670 So.2d 378, 380, commented on La.Rev.Stat. § 15:85(3)(c):
The state, therefore, has a sixty day window from the defendant's non-appearance to fulfill the requirements of the statute. If the state does not meet these requirements, the surety is released from its obligation.
Because we find that Polk's only required appearance was the arraignment held on January 23, 1995, the notice of April 4, 1995, advising the surety of the judgment of bond forfeiture does not comply with the requirement of La.Rev.Stat. § 15:85(3)(c). Bankers Insurance is, therefore, released from all obligations under the appearance bond entered into with Polk.
The State answered this appeal, reurging the exception of prescription which it filed in the lower court. In dismissing Bankers Insurance's petition for nullity, the lower court did not rule on the State's pending exception of prescription. The State argued that any cause of action which the surety might have been able to pursue by the use of summary proceedings in the criminal matter has prescribed because it was not filed within the sixty day time period as provided in La.Rev.Stat. § 15:85(5).
The recent case of State v. Wills, 94-2474 (La.App. 1st Cir. 4/4/96), 672 So.2d 405, is similar to the instant case in that it involved an attempt by the surety to annul a judgment of forfeiture after the sixty day time period, or more precisely, nine months after the judgment was obtained. The surety was released from all obligations under the bond by operation of law because they had not given written approval to continue the bond after conviction and sentencing of the defendant. In reversing the trial court judgment which had dismissed the petition for nullity, the court held that the sixty day period provided in La.Rev.Stat. § 15:85 applies only to the assertion of a defense to the forfeiture or an appeal from that judgment and not to an action to annul for vices of form or substance. Wills, 94-2474, p. 3, 672 So.2d at 406. The court said the exclusive grounds for civil nullity actions are provided in La.Code Civ. Proc. art.2001 et seq., and the surety's pursuit of an action under those provisions was timely. We find the reasoning of the Wills court persuasive in the matter at hand, and therefore, we dismiss the State's exception of prescription.
For the foregoing reasons, we vacate the judgment of the trial court dismissing Bankers Insurance's petition for nullity. We render judgment in favor of Bankers Insurance, declaring the judgment of forfeiture null and void and declaring Bankers Insurance released from its bail bond obligation for Polk. All costs of this appeal are assessed to the State.
REVERSED AND RENDERED.