1, COOKS, Judge.
Reginald Bernard Roberson appeals his conviction and twenty-year sentence for jumping bail in violation of La.R.S. 14:110.1. For the following reasons, we vacate his conviction and sentence.
FACTS
On September 20, 1999, the Defendant, Reginald Bernard Roberson, was sentenced to serve ten years at hard labor on convictions for one count of possession of a controlled dangerous drug, Schedule II, and two counts of possession of a controlled dangerous drug, Schedule I, with intent to distribute. The trial court granted Defendant two days in which to settle his affairs before reporting to the Rapides Parish Detention Center. Defendant did not report to the detention center and was not apprehended until April 1, 2000.
Subsequent to his apprehension, Defendant was charged by bill of information with jumping bail in violation of La.R.S. 14:110.1. He was convicted by a jury of the crime. The State charged Defendant as a multiple offender, and the trial court found he was a fourth-felony offender. He was sentenced to serve twenty years at hard labor without benefit of parole. Defendant filed a motion to reconsider the sentence, which was subsequently denied without written reasons. Defendant then filed a Motion and Order for Appeal and Designation of Record, which was granted.
After his Motion and Order of appeal were granted, Defendant filed for a writ of review with this court. We denied Defendant’s writ because the trial court granted an appeal; and Defendant’s writ application, thus, was premature. State v. Roberson, an unpublished opinion bearing docket number 01-640 (La.App. 3 Cir. 9/13/01).
*1175 ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find one error patent.
|aThe trial court did not inform Defendant of his right to remain silent and have the State prove its case against him at his habitual offender hearing. La.R.S. 15:529.1(D). Although the right to remain silent is not specifically set forth in La.R.S. 15:529.1, in State v. Johnson, 432 So.2d 815(La.), writ granted on other grounds, 438 So.2d 1113 (La.1983), appeal after remand, 457 So.2d 1251 (La.App. 1 Cir.1984), appeal after remand, 471 So.2d 1041 (La.App. 1 Cir.1985), the Louisiana Supreme Court held this statute clearly recognizes a defendant has the right to remain silent and the statute implicitly provides a defendant should be advised by the court of his right to remain silent before he acknowledges or confesses his status as a habitual offender. The trial court erred in failing to advise Defendant of this right before accepting his admission. The question remains, however, whether the error was harmless.
In State v. Harris, 95-900 (La.5/19/95); 654 So.2d 680, the supreme court found the habitual offender hearing at issue was fundamentally fair even though the defendant was not informed of his rights. Although the court did not set forth the requirements for determining if a proceeding is fundamentally fair, the court noted the state introduced evidence proving the petitioner was the same person previously convicted of the predicate felonies. The supreme court stated, “[A] complete review of the transcript reveals that the petitioner was given a fundamentally fair hearing wherein the state proved the prior felony convictions.” Id. at 680.
In the instant case, the State introduced evidence proving Defendant was the same person previously convicted of the predicate felonies contained in the habitual offender bill. Additionally, Defendant did not admit to the allegations contained in the habitual offender bill. Accordingly, the trial court’s failure to advise Defendant of his rights was harmless in this instance and he was afforded a fair hearing.
ASSIGNMENTS OF ERROR
| .¡Defendant alleges five assignments of error: 1) the evidence was insufficient to sustain the conviction for jumping bail; 2) his sentence was unduly harsh and excessive; 3) the trial court failed to articulate for the record those considerations taken into account and the factual basis for imposing his sentence and failed to adequately apply the guidelines as required by La. Code Crim.P. art. 894.1; 4) the trial court erred when it denied his motion to reconsider his sentence; and 5) the trial court erred when it adjudicated him a fourth-felony offender.
ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, Defendant alleges there was insufficient evidence to sustain his conviction for jumping bail. Defendant notes after he was sentenced, the trial court granted him two days in which to set his affairs in order before reporting to the Rapides Parish Detention Center. Defendant also points out he was released at the discretion of the court and no post-sentence bond was ordered. Therefore, he argues when he failed to report to the detention center, he was not on bail and could not have committed the offense of jumping bail.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier *1176 of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982).
To support a conviction, the State had to prove the elements of the crime beyond a reasonable doubt. Defendant was charged with violating La.R.S. 14:110.1(A), which provides:
Jumping bail is the intentional failure to appear at such time and place as designated by the judge or committing magistrate who has fixed the amount of the bail bond. The fact that no loss shall result to any [¿surety or bondsman is immaterial.
Defendant does not dispute he intentionally failed to appear as ordered by the trial court. He simply argues the crime he was convicted of requires the fixing of bail before its occurrence, and because no bail was set here, an essential element of the offense was not proven at his trial.
On January 15, 1999, after Defendant was arrested on the noted charges, he was released from custody after two bail bonds of five thousand dollars each, and one bad bond of ten thousand dollars were fixed. Each bond was dated January 15, 1999, and each surety stated, in pertinent part:
[W]e hereby undertake that the above named principal will appear at all stages of the proceedings in the Ninth Judicial District Court to answer that charge or any related charge, and will at all times hold himself amenable to the orders and process of the Court, and if convicted, will appear for the pronouncement of the verdict and sentence.
(Emphasis ours.)
Defendant changed his not guilty pleas to guilty pleas and was present at his sentencing on September 20, 1999. At that time, the trial judge granted Defendant’s request that he be allowed two days to put his affairs in order before reporting to the detention center.
Defendant asserts once he was sentenced, the original bond obligations undertaken by the sureties were extinguished by statute and no further bond obligation was ordered. Thus, while he may have been guilty of contempt of court, he was not guilty of jumping a bail because none was in existence. In support of his position, Defendant cites La.Code Crim.P. art. 326(B), which states:
Upon conviction and imposition of sentence or the pronouncement of sentence or condition of probation pursuant to Articles 893 and 894 and R.S. 40:983, the bail undertaking shall cease and the surety shall be relieved of all obligations under the bond. If necessary to assure the presence of the defendant at all future stages of the proceedings, if any, the court may in its discretion require the | ^defendant to post another bond or other acceptable security, or may release the defendant on bail without surety as provided for in Article 325. The court may continue the existing bail undertaking with the written approval of the surety on the bond. Such approval must be obtained after conviction and imposition of sentence or pronouncement of sentences or conditions of probation pursuant to Articles 893 and 894 and R.S. 40:983.
(Emphasis ours.)
At trial, the State presented as evidence the bail jumping charge minute entry of the earlier sentencing hearing, which stated, in pertinent part:
Sentence is to be served at Hard Labor. Sentence is to run concurrent. Accused to report September 22nd 1999 at 5:00PM to begin serving sentence.
*1177 The minute entry did not indicate whether the judge ordered additional bond, or whether the original bond obligations were extended. The State did not introduce the transcript of the original sentencing hearing at the trial of this matter. However, the trial judge who sentenced the Defendant testified at the Defendant’s bail jumping trial as follows:
Q. Judge, when you give them time to report, in this particular case, that’s something that you sometimes will take into consideration if they’re working, or have to leave a job, or have family or something like that; correct?
A. That is correct.
[[Image here]]
Q. Judge, just briefly, and I apologize. Whenever that occurs, and I’ll direct it specifically to this event, you allowed the Defendant to remain on the original bond that existed prior to the plea?
A. That’s generally the case. Do you want me to — to look at the minutes and see if that’s what I did in this situation?
Q. My question would be: You would not require them — or you didn’t require them in this case to post a new bond so the bond is not extinguished until he begins to serve his sentence?
A. That — that’s typically what— what I do. And the minutes do not reflect that — I required him to post a— bond other than the bond that he was currently out on.
lfiThe State concedes the enforcement of the bail obligation against the surety would have been inappropriate in this case, pursuant to La.R.S. 15:85, et seq. However, it contends the law is clear that technical deficiencies “or any other irregularity” will not undermine the existence of a bail obligation under La.CodeCrim.P.art. 827.
La.R.S. 15:85 is the statute governing forfeiture, procedure, notice, enforcement and collection of a bail obligation. La. Code Crim.P. art. 327 provides in pertinent parts:
A. The bail undertaking shall:
(1) Be in writing.
[[Image here]]
B. A person shall not be discharged from his bail undertaking, nor shall a judgment of forfeiture be stayed, set aside, or reversed, nor the collection of any such judgment be barred or defeated by reason of any defect of form, omission of a recital, or of a condition of the undertaking, by reason of a failure to note or record the default of any defendant or surety, or because of any other irregularity.
The State’s ■ reliance on Article 327 is misplaced. Article 327 is applicable to irregularities in an existing bond obligation contract. However, absent written approval of the surety, the bail undertaking ceases by operation of law after conviction and imposition of sentence or pronouncement of the sentence. Bail following sentence requires either an additional bond, or extension of the original bond upon written approval of the surety. La.Code Crim.P. art. 326(B); State v. Kaercher, 394 So.2d 1175 (La.1980); State v. Wills, 94-2474 (La.App. 1 Cir. 4/4/96); 672 So.2d 405.
In Wills, the defendant .failed to appear for a post-conviction proceeding. The insurance company perfected an appeal from a judgment dismissing its petition for nullity of judgment after the trial court rendered a judgment of bond forfeiture. The insurance company argued, even though the bond contained a provision for continuance of the obligation, the company did not give written approval for such as |7required by La.Code Crim.P. art. 326(B). *1178 The first circuit found no bond existed during the relevant period and noted:
The appearance bond contract executed by the State, the defendant, and the surety, and relied on by the trial court and the State to support the continuance of the surety’s obligation post conviction, did contain a provision for continuance of the obligation. However, the contract between the parties cannot supersede the unambiguous, specific statutory provision regulating the bonding obligation. When dealing with bonding companies, the State has a duty to comply, strictly with applicable statutory provisions.
Wills, 672 So.2d at 407.
The State contends “the record reveals that the evidence of the defendant’s bail obligation is found in Judge Randow’s allowing the defendant to remain on his original bond.” The State further asserts “the defendant’s argument is inapposite in that he seeks refuge in those statutes designed merely to protect the surety and not the person who fails to appear.” Although the State may be correct in its assertion that the chief aim of the provision was to protect the surety, that purpose does not obviate the State’s burden of proving every essential element of the crime provided in La.R.S. 14:110.1.
Bail after conviction is required by La. Code Crim.P. art. 332. Article 332 provides in pertinent part:
A. A convicted person shall be remanded to jail to await sentence unless he is released on bail in accordance with this Article.
[[Image here]]
C. After sentence and until final judgment, bail shall be allowed if a sentence of five years or less is actually imposed. Bail may be allowed after sentence and until final judgment if the sentence actually imposed exceeds imprisonment for five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community, or that there is a substantial risk that the person convicted might flee.
At the jumping bail trial, Judge Randow testified:
|SQ. And I think the reason you clarified that, and just to make sure I understand and so they do, and you were referring to bond after conviction; is that what you were taking about?
A. That’s correct.
Q. Or that article, I think, or on bail. I know you are more familiar with it than I am.
BY MR. LAMPERT:
332.
BY MR. CORTELLO:
Article 332 where there’s a bond after the conviction?
A. Correct.
We acknowledge when Defendant was allowed to put his affairs in order before reporting to the detention center, the record shows all parties thought his appearance at the detention center was secured by bail. However, the three bail bonds posted prior to pronouncement of his sentences were extinguished by operation of law and the State failed to secure additional bond, or extend the original bond with written approval of the surety.
The wording of the charged offense requires an active bail bond. Because there was no bail in effect at the time Defendant failed to appear to begin serving his sentences, he could not be convicted of the offense of jumping bail. Accordingly, there was insufficient evidence to prove the essential element of the imposition of bail as required by La.R.S. 14:110.1. *1179 Therefore, Defendant’s conviction for jumping bail is vacated.
ASSIGNMENT OF ERROR NO. 5
In his assignment of error number five, Defendant alleges the trial court erred when it adjudicated him a fourth-felony offender. The felony designated as number four was Defendant’s conviction for the felony offense of jumping bail. See La. R.S. |fl14:110.1(C). Since Defendant’s conviction for jumping bail is vacated, the adjudication of Defendant as a fourth-felony offender also is vacated.
ASSIGNMENTS OF ERROR NOS. 2-4
In assignments of error numbers two through four, the Defendant alleges that the enhanced sentence imposed, twenty years at hard labor without the benefit of parole, probation or suspension of sentence, was constitutionally excessive, that the trial court failed to comply with the requirements of La.Code Crim.P. art. 894.1, and that the trial court erred when it denied his motion to reconsider the sentence. In the Motion to Reconsider Sentence, the Defendant alleged that the sentence of twenty years is premised on an invalid conviction, that of jumping bail.
In light of out holding that the conviction for jumping bail must be vacated for lack of sufficient evidence, these assignments have been rendered moot.
DECREE
For the above reasons, Defendant’s conviction for jumping bail is vacated. Defendant’s fourth-felony adjudication, which was premised on his conviction for jumping bail, is also vacated and his sentence set aside.
CONVICTION VACATED AND SENTENCE SET ASIDE.