STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-1125

STATE OF LOUISIANA

VERSUS

EMMANUEL LIMA

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, DOCKET NO. 09-236056
HONORABLE JAMES R. MCCLELLAND, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Judges Sylvia R. Cooks, Jimmie C. Peters, and Billy H. Ezell.

REVERSED AND RENDERED.

Danny J. Louviere
134 West Bellvue Street
Opelousas, LA  70570
(337) 654-0594
**ATTORNEY FOR DEFENDANTS/APPELLANTS**
  Zerangue's Bail Bonding, Inc. and
  Financial Casualty & Surety, Inc.

Wayne Simoneaud, District Attorney
Parish of St. Martin
Main Street, Courthouse Building
St. Martinville, LA  70582
(337) 394-2220
**ATTORNEY FOR DEFENDANT/APPLELLEE**
  State of Louisiana

**Cooks, Judge**

## FACTS AND PROCEDURAL HISTORY

Emmanuel Lima (Lima) was charged with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1). Zerangue's Bail Bonding, Inc. (Zerangue's) and Financial Casualty & Surety, Inc. (Financial) posted a $100,000.00 appearance bond in favor of the State of Louisiana, securing the release of Lima from the State's custody pending trial. The bond contained a provision continuing the surety obligation through sentencing. Lima pled guilty under a plea-bargain agreement to the felony offense. The trial court set a date for sentencing. When Lima failed to appear for sentencing, the trial court issued a warrant for his arrest and entered a judgment against Lima and Financial decreeing the bail bond posted by Zerangue's forfeited and further rendered judgment in favor of the State of Louisiana in the amount of $100,000.00 plus legal interest from date of demand until paid and all costs of the proceedings.

Zerangue's[1] and Financial filed a motion for discharge and release of surety seeking to set aside the bond-forfeiture judgment. The trial court denied the motion. Zerangue's and Financial appeal. The State has not answered the appeal nor has it filed any brief in opposition.

## LEGAL ANALYSIS

We find the trial court erred as a matter of law and, therefore, conduct a *de novo* review. *See Rosell v. ESCO*, 549 SO.2d 840 (La.1989). Louisiana Code of Criminal Procedure Article 326(B) clearly and expressly states in part:

> …
>
> (2) Upon conviction in any felony case, the bail undertaking *shall cease* and the surety *shall be relieved* of all obligations under the bond.

---

[1] Zerangue's was not listed in the bond-forfeiture judgment.

(3) *In all cases*, if necessary to assure the presence of the defendant at all future stages of the proceedings the court may in its discretion, in accordance with Article 332 require the defendant to *post another bond or other acceptable security*, or may release the defendant on bail without surety as provided for in Article 325. The court may continue the existing bail undertaking *with the written approval of the surety on the bond. Such approval <u>must</u> be obtained from the surety <u>after conviction</u>*.

(Emphasis added)

In a similar case, the First Circuit Court of Appeal reversed the trial court's dismissal of the bail bond company's petition for nullity:

> The appearance bond contract executed by the State, the defendant, and the surety, and relied on by the trial court and the State to support the continuance of the surety's obligation post conviction, did contain a provision for continuance of the obligation. However, the contract between the parties *cannot supersede the unambiguous, specific statutory provision regulating the bonding obligation. When dealing with bonding companies, the State has a duty to comply strictly with applicable statutory provisions. See State v. McCart*, 627 So.2d 761 (La.App. 2d Cir. 1993). Thus, the judgment of bond forfeiture was rendered pursuant to an error of law and is a nullity.

*State v. Wills*, 94-2474, p.4 (La.App. 1 Cir.4/4/96), 672 So.2d 405, 407. (emphasis added).

This court has also addressed the mandatory requirement of La.Code Crim. P. art. 326 in the context of a conviction and twenty-year sentence followed by a violation of La.R.S. 14:110.1, jumping bail. In *State v. Roberson*, 01-1171, p. 8 (La.App. 3 Cir. 2/27/02), 809 So.2d 1173, 1178 (emphasis added) relying on the holding in *Wills* quoted above, we reversed the conviction finding the defendant could not be charged with jumping bail because "*the three bail bonds posted prior to pronouncement of his sentences were extinguished by operation of law and the State failed to secure additional bond, or extend the original bond with written approval of the surety* []" as required by law. Likewise, in this case, the original bond was not renewed after conviction by any written approval from the sureties

and therefore was extinguished by operation of law.

The judgment of the trial court is therefore reversed, the judgment of bond forfeiture is a nullity and is set aside. Zerangue's and Financial are discharged as sureties. All costs in these proceedings, including the costs below, are to be paid by the State in the amount of $893.50.

**REVERSED AND RENDERED**.