STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0821

FINANCIAL CASUALTY & SURETY, INC.

VERSUS

STATE OF LOUISIANA

*Judgment Rendered.*  **JAN 2 0 2023**

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2018-15294

The Honorable Richard C. Swartz, Judge Presiding

* * * * * * * *

William Noland
Candler, North Carolina

Counsel for Plaintiff/Appellant
Financial Casualty & Surety, Inc.

Warren L. Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Counsel for Defendant/Appellee
State of Louisiana

* * * * * * * *

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

**LANIER, J.**

In this appeal, plaintiff, Financial Casualty & Surety, Inc. ("Financial Casualty"), seeks review of the trial court's judgment denying its petition for declaratory judgment against the State of Louisiana that it be released of all obligations under a commercial bond it posted for the release of Willie Reynolds in a criminal matter. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

The pertinent facts of this case are undisputed. In 2014, Willie Reynolds was charged in docket number 547840 with two counts of simple burglary, aggravated flight from an officer, and obstruction of justice. In July 2016, Reynolds secured a commercial surety bond in the amount of $50,000.00 with Financial Casualty, through its agent Dawn Thomas, d/b/a ABC Star Bail Bonds, LLC. The bond set Reynolds' next appearance date for July 21, 2016. Reynolds made an appearance on July 21, 2016, and again on August 25, 2016, at which time the trial date was continued and reassigned for September 12, 2016. The minute entry from September 12, 2016, is unclear as to whether Reynolds was present in court that day, but on motion of the defense, the trial date was continued to October 10, 2016, and the discovery motions were continued to September 22, 2016. The minute entries from September 22, 2016, and October 10, 2016, both reflect that on motion of the defense, the matters were continued to October 10, 2016, and October 13, 2016, respectively. Again, there is no indication as to whether Reynolds was present in court on either of those days.

On October 13, 2016, Reynolds failed to appear for trial. After introducing and filing into evidence the original bond, the power of attorney, and proof of service on Reynolds and the surety, the State moved for a bond forfeiture and an attachment. According to the record, the trial court rendered and signed a bond forfeiture judgment in criminal docket number 547840 on October 13, 2016, in

2

favor of the State and against Financial Casualty and Reynolds, in solido, in the amount of $50,000.00. The judgment indicates that the State moved for bond forfeiture based on Reynolds' failure to appear for jury trial on September 12, 2016, a date that was handwritten on the judgment. On November 14, 2016, the clerk of court mailed notice of the bond forfeiture judgment, along with a copy of the judgment, to all interested parties.

Subsequently, in October 2018, Financial Casualty filed a petition for declaratory judgment against the State seeking to be released of all obligations under the $50,000.00 bond posted in criminal docket number 547840, including the bond forfeiture judgment rendered against it on October 13, 2016. Financial Casualty argued that the State failed to timely mail notice of the signing of the bond forfeiture judgment within 60 days of Reynolds' failure to appear on September 12, 2016, or by November 11, 2016, thus operating to release Financial Casualty from all obligations under the bond pursuant to La. Code Crim. P. art. 349.3(C). The matter proceeded to trial on February 1, 2022, at which time documentary evidence was introduced into the record by both Financial Casualty and the State regarding the prior criminal case and bond forfeiture involving Reynolds. The State argued that the forfeiture was actually based on Reynolds' failure to appear on October 13, 2016. Noting that the handwritten notation on the judgment regarding the September 12, 2016 date was nothing more than a clerical error, the State asserted that the judgment could be amended at any time pursuant to La. Code Civ. P. art. 1951. Two witnesses also testified regarding their personal recollection of the events surrounding the bond forfeiture.

At the close of the evidence, the trial court took the matter under advisement. On March 8, 2022, the trial court issued written reasons for judgment finding that the "record and evidence establish that the Judgment of Bond Forfeiture was based on [Reynolds'] failure to appear for Jury Trial on October 13,

3

2016" and that Financial Casualty "failed to meet its' burden of proof that it should be released of all obligations under the bond." The trial court signed a judgment in accordance with these findings, denying Financial Casualty's petition for declaratory judgment.

This appeal by Financial Casualty followed. The sole issue for our review is whether Financial Casualty met its burden of proof that it should be released of all obligations under the bond based on the failure of the State to timely mail notice of the bond forfeiture judgment.

## DISCUSSION

The purpose of the declaratory judgment articles of the Louisiana Code of Civil Procedure is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and they are to be liberally construed and administered. La. Code Civ. P. art. 1881; **Blanchard v. Blanchard**, 2012-0106 (La. App. 1 Cir. 12/31/12), 112 So.3d 243, 255, writ denied, 2013-0488 (La. 4/12/13), 111 So.3d 1013. The declaratory judgment articles of the Louisiana Code of Civil Procedure grant courts of record within their respective jurisdictions the authority to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. La. Code Civ. P. art. 1871. A declaratory judgment simply establishes the rights of the parties or expresses the opinion of the court on a question of law without ordering anything to be done. **MAPP Const., LLC v. Amerisure Mut. Ins. Co.**, 2013-1074 (La. App. 1 Cir. 3/24/14), 143 So.3d 520, 528.

The scope of appellate review is confined to a determination of whether the trial court abused its discretion by granting or refusing to render a declaratory judgment. **Roper v. East Baton Rouge Metropolitan Council**, 2015-0178 (La. App. 1 Cir. 11/6/15), 183 So.3d 550, 553, writ denied, 2015-2231 (La. 2/5/16), 186 So.3d 1166. However, the judgment itself is still reviewed under the appropriate

4

standard of review, *i.e.*, questions of law are reviewed *de novo*, while questions of fact are subject to a manifest-error standard of review. **Westlawn Cemeteries, L.L.C. v. Louisiana Cemetery Board**, 2021-01414 (La. 3/25/22), 339 So.3d 548, 559.

The purpose of bail (and the bond securing bail) is to ensure that the defendant will appear at all stages of the proceedings to answer the charge for which he will be prosecuted. **State v. Ross**, 2020-0446 (La. App. 1 Cir. 3/25/21), 322 So.3d 849, 851, writ not considered, 2021-00579 (La. 6/22/21), 318 So.3d 44. When a defendant released on bail fails to appear in court at a subsequent scheduled appearance, the State may obtain a forfeiture of the surety bond. *Id.* The general rule is that bond forfeitures are not favored. **State v. Byrd**, 2020-0447 (La. App. 1 Cir. 12/30/20), 318 So.3d 878, 880. A bond forfeiture is basically a civil proceeding; however, it is subject to special rules as set forth in the Louisiana Code of Criminal Procedure. *Id.* See also La. R.S. 15:83(A) ("As criminal bail bonds are contractual and civil in nature, their creation and enforcement are governed both by the laws applicable to civil contracts and by the laws set forth in the statutes and code articles governing criminal procedure.").

In order to obtain a bond forfeiture judgment against a surety, the State must strictly comply with the terms of the statutory provisions regulating bond forfeitures. **Ross**, 322 So.3d at 851. At all times pertinent hereto, La. Code Crim. P. art. 349.2 set forth the necessary proof for the State to obtain bond forfeiture relief. Under the provisions of Article 349.2 as it existed at the time pertinent to this matter, proof of all of the following was required in order to obtain a bond forfeiture judgment: (1) the bail undertaking; (2) the power of attorney, if any; (3)

5

notice to the defendant and the surety; and (4) the defendant's failure to appear as required. La. Code Crim. P. art. 349.2(A).[1]

Financial Casualty cites to La. Code Crim. P. art. 349.3(C) on appeal, arguing that the State's failure to timely mail notice of the signing of the bond forfeiture judgment within 60 days of Reynolds' failure to appear on September 12, 2016, or by November 11, 2016, released Financial Casualty from all obligations under the bond.

When the bond forfeiture judgment at issue was rendered in 2016, Article 349.3 provided, in pertinent part, as follows:

> A. (1) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. ...
>
> B. After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record.
>
> C. Failure to mail notice of the signing of the judgment within sixty days after the defendant fails to appear shall release the sureties of all obligations under the bond.[2]

Financial Casualty asserts that it presented evidence sufficient to meet its burden of proof that it should have been released of all obligations under the bond posted.

In response, the State retracts its argument concerning the amendment of the judgment based on Article 1951. The State acknowledges that Article 1951 only permits amendments that are clerical in nature and does not permit an amendment

---

[1] Title VIII, "Bail," of the Louisiana Code of Criminal Procedure, consisting of La. Code Crim. P. arts. 311 to 349.9 was revised by 2016 La. Acts, No. 613, §1 to consist of Title VIII, comprised of Articles 311 to 342. Article 349.2 was repealed, and, under the current law, the proof necessary at a bond forfeiture hearing is set forth in La. Code Crim. P. art. 336(A). See 2016 La. Acts, No. 613, §4.

[2] Following the 2016 revisions to Title VIII, "Bail," of the Louisiana Code of Criminal Procedure, Article 349.3 was repealed, and this provision is now found in La. Code Crim. P. art. 334. See 2016 La. Acts, No. 613, §4.

that directly affects the rights of the parties.[3] See **Villaume v. Villaume**, 363 So.2d 448, 450-451 (La. 1978). The State notes that the date of the criminal defendant's failure to appear is a date that affects the rights of the surety company as the validity of the judgment is to be ascertained by comparison of the text of the judgment to the date of the mailing of the notice of judgment. The State adds that under this court's jurisprudence, the trial court's written judgment controls even in instances when the trial court may have intended otherwise. See **Rebco Marine, Inc. v. Homestead Ins. Co.**, 96-1975 (La. App. 1 Cir. 12/29/97), 706 So.2d 508, 511. Therefore, the State asserts that because the written bond forfeiture judgment clearly evidences an intent to forfeit the bond based on Reynolds' failure to appear on September 12, 2016, it is immaterial that the trial court in the underlying criminal matter may have intended to forfeit the bail bond based on Reynolds' failure to appear on October 13, 2016.

The State maintains, however, that based on reasons other than those given by the trial court, the judgment should be upheld. Using the September 12, 2016 date as is noted in the bond forfeiture judgment, the State agrees that the last day of the 60-day time period set forth in Article 349.3 was indeed November 11, 2016. Nonetheless, the State argues that because the last day of the period was a legal holiday, namely Veterans' Day, and the two days following November 11, 2016, were also legal holidays, namely, Saturday and Sunday, the last day of the 60-day period was November 14, 2016, the day the notice was in fact mailed by the clerk

---

[3] Prior to its amendment by 2021 La. Acts, No. 259, §2, Article 1951 provided as follows:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

7

of court.[4] Thus, the State asserts that the notice of the bond forfeiture judgment, mailed on November 14, 2016, was timely and that there is no error in the trial court's judgment denying Financial Casualty's petition for declaratory judgment.

According to the evidence in the record, Reynolds was present in court on July 21, 2016, for discovery motions, and the matter was reassigned to August 25, 2016. Further, the trial date, which had been set for July 25, 2016, was continued to September 12, 2016. On August 25, 2016, Reynolds appeared in court, and the matter was continued to September 12, 2016. It is unclear from the minute entry on September 12, 2016, whether Reynolds was present in court that day. However, on motion of the defense, the trial date was continued to October 10, 2016, and the discovery motions were reassigned to September 22, 2016. Notice was issued to both Reynolds and Financial Casualty for the September 22, 2016 and October 10, 2016 court dates. On September 22, 2016, on motion of the defense, the matter was continued to October 10, 2016. Again, there is no indication in the minute entry as to whether Reynolds made an appearance in court that day. On October 10, 2016, again on motion of the defense, the matter was continued to October 13, 2016. On October 13, 2016, when Reynolds failed to appear for jury trial, the State, after filing into evidence the original bail undertaking, the power of attorney, and proof of notice on Reynolds and the surety, sought and was granted a bond forfeiture judgment.

Any failure to appear in court by Reynolds after August 25, 2016, beginning with his next court date of September 12, 2016, could have served as the basis for a bond forfeiture judgment against Financial Casualty. Based on the numerous

---

[4] See La. Code Civ. P. art. 5059 ("In computing a period of time allowed or prescribed by law ... [t]he last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday."); La. R.S. 1:55(E)(1)(a)(i) and (E)(3) (recognizing Veterans' Day as a legal holiday, as well as all Saturdays and Sundays). Since 2016, these provisions have undergone amendments that are not pertinent to our review. See La. Code Civ. P. art. 5059 (as amended by 2018 La. Acts, No. 128, §1, and by 2019, La. Acts, No. 300, §1) and La. R.S. 1:55 (as amended by 2019 La. Acts, No. 316, §1; 2020 La. Acts, No. 264, §1; and 2022 La. Acts, No. 452, §1.

8

requests for continuances by the defense, it is possible that Reynolds may have missed his court appearances on at least one occasion between August 25, 2016, when he received personal notice of his next court date, and October 13, 2016. However, as previously discussed, the minute entries from those dates are unclear regarding Reynolds' presence in court. Nonetheless, the record is clear that Reynolds and Financial Surety were properly noticed for the October 10, 2016 trial date, which date was continued to October 13, 2016. Reynolds failed to appear in court on October 13, 2016. On motion of the State, the trial court ordered the bond forfeited, based on sufficient evidence as required by Article 349.2, and issued an attachment for Reynolds' arrest.

The State is not required to move for a bond forfeiture every time a defendant fails to appear as ordered. The motion for forfeiture is made at the discretion of the prosecutor. See **State v. Batiste**, 94-1237 (La. App. 3 Cir. 4/5/95), 653 So.2d 127, 129; La. Code Crim. P. art. 349.2. Likewise, the State is not required to move for forfeiture of the bond on the date of the defendant's nonappearance. See **State v. McCart**, 627 So.2d 761, 765 (La. App. 2 Cir. 1993). However, the forfeiture process must still be completed within sixty days of the defendant's failure to appear at a required court appearance. **State v. Polk**, 96-1785 (La. App. 4 Cir. 1/29/97), 688 So.2d 191, 193, writ denied, 97-0889 (La. 5/9/97), 693 So.2d 760; La. Code Crim. P. art. 349.3.

Based on our review of the record, we conclude that the notice of the bond forfeiture judgment, which was mailed on November 14, 2016, was timely and that the requirements of Article 349.3 were satisfied.[5] Thus, we find no abuse of discretion or manifest error in the trial court's denial of Financial Casualty's

---

[5] We note that even if we were to find that Reynolds failed to appear on September 12, 2016, as argued by Financial Casualty, thus beginning the 60-day period provided for in Article 349.3, our decision would remain unchanged. The notice of the bond forfeiture judgment, which was mailed on November 14, 2016, would still have been timely based on the applicable laws concerning computation of time. See La. Code Civ. P. art. 5059; La. R.S. 1:55(E)(1)(a)(i) and (E)(3).

9

petition for declaratory judgment. All of the record evidence, including the testimony by the assistant district attorney who prosecuted Reynolds and the St. Tammany Parish Clerk of Court representative who was responsible for maintaining the records in Reynolds' criminal case, supports the trial court's finding in this case.

## DECREE

For the above and foregoing reasons, we affirm the trial court's judgment and assess all costs associated with this appeal against plaintiff/appellant, Financial Casualty & Surety, Inc.

**AFFIRMED.**