RWATKINS, Judge.
In this bond forfeiture case, Amwest Surety Insurance Company (Amwest) has perfected an appeal from a judgment rendered August 23, 1994, dismissing its “Petition for Nullity of Judgment and Motion to Set Aside Bond Forfeiture.”
As a threshold issue the State, by motion, urges us to dismiss the appeal, contending the trial court was without jurisdiction to consider the merits of the surety’s motion after the expiration of the 60-day time period of LSA-R.S. 15:85 for asserting a defense to or taking an appeal from a judgment of bond forfeiture. However, the trial court did not reach the merits, dismissing the petition to annul the judgment of forfeiture on the ground that it was not a petition for nullity but a “defense” under LSA-R.S. 15:85, and was thus time barred. Amwest counters this argument with the proposition that the action for annulment of a judgment is available with respect to bond forfeiture judgments, and that the nullity action is a separate means by which to challenge the forfeiture judgment and does not act as a substitute for a defense on the merits or an appeal.
We have considered the statutes and cases cited by both parties, and we conclude that the appellant states the correct application of the law to the facts of the instant case.
The case cited by the State is not directly on point in a bond forfeiture case. Jones v. Gillen, 564 So.2d 1274 (La.App. 5th Cir.), writs denied, 568 So.2d 1080, 1081 (La.1990), was a personal injury case in which two judgments were rendered by the trial court. The first judgment was rendered following a jury verdict that assessed percentages of fault and awarded damages accordingly. The second judgment, rendered after two hearings on a motion to amend the judgment, made substantive changes to the first judgment. The appellant attempted to appeal from the second judgment. The appellate court held that because the substantive change was not made pursuant to a timely motion for new trial or a timely appeal, the second judgment was invalid. Thus, the appellate court lacked jurisdiction to consider an appeal from the invalid (second) judgment, and the appeal was untimely as to the valid (first) judgment.
Reliance on Jones v. Gillen for the lack of jurisdiction in this case is misplaced, and the State’s argument lacks merit. The Jones v. Gillen rule would apply herein only if the 1994 judgment were invalid. Even if Am-west’s petition was barred by the time limitation of LSA-RR.S. 15:85, the judgment dis *409 missing the petition cannot be said to be invalid. Accord, State v. Richardson, 633 So.2d 704 (La.App. 1st Cir.1993). Contra, State v. Byrd, 640 So.2d 259 (La.App. 1st Cir.1993).
Despite the conflicting cases, we are now of the opinion the statutes and cases relied on by appellant are controlling. See Gennuso v. State, 339 So.2d 335 (La.1976). The 60-day period provided in LSA-R.S. 15:85 applies only to the assertion of a defense to the forfeiture or an appeal from that judgment and not to an action to annul a forfeiture judgment for vices of form or substance, which action is brought pursuant to LSA-C.C.P. art. 2001, et seq.; State v. Cook, 616 So.2d 272 (La.App. 2d Cir.1993).
A bond forfeiture is a civil proceeding, State v. Wheeler, 508 So.2d 1384 (La.1987), and LSA-C.C.P. art. 2001 et seq. provide the exclusive grounds for civil nullity actions. A judgment can be annulled only when there is a vice of form or substance. LSA-C.C.P. art. 2001. In the instant case, Amwest is asserting the State failed to give it the required notice of trial and thus the judgments of forfeiture rendered were void for vices of form. Amwest’s action to annul a judgment for vices of form, pursuant to LSA-C.C.P. art. 2002, is timely because such an action can be brought at any time unless the defendant has voluntarily acquiesced in the judgment. Compare Gennuso v. State, supra, in which the action under Article 2002 was unavailable because the bonding service had paid the judgment of forfeiture in full before filing for nullity.
Accordingly, there is no merit to the State’s motion to dismiss the appeal.
Because the trial court dismissed Am-west’s petition as being time barred, the trial court did not reach the merits of Amwest’s case concerning lack of notice required by the applicable statutes. Thus, Amwest’s action to annul shall be remanded. The State is cast for costs of this appeal in the amount of $218.20.
REVERSED AND REMANDED.