EDWIN A. LOMBARD, Judge.
| iPlaintiffAppellant, Sheena Lloyd (“Ms. Lloyd”), appeals the trial court’s judgment sustaining the Exception of Prescription of Defendant/Appellee, the Orleans Parish School Board (the “School Board”). For the reasons stated below, we affirm the trial court’s judgment.

Relevant Facts

On October 2, 2002, Ms. Lloyd filed suit in First City Court of the City of Orleans against, inter alia, the School Board, after her minor child, Anthony Legaux, Jr., was injured on October 1, 2001 during a physical altercation with a fellow student, Charlie Williams. The School Board was served with Ms. Lloyd’s Petition on October 22, 2002. On January 15, 2003 the School Board filed, in First City Court, a Declinatory Exception of Lack of Subject Matter Jurisdiction on the basis that the School Board could not be sued in that court. After a hearing on March 28, 2003, the court granted the Exception and ordered the case to be transferred to Civil District Court for the Parish of Orleans (“CDC”). The matter was transferred to CDC on January 11, 2005.
|2On June 9, 2005, the School Board filed, in the district court, a Motion to Dismiss For Failure to Serve Within 90 days and an Exception of Prescription; Or in the Alternative, Exception of Insufficiency of Service of Process. The matter was set for hearing on September 30, 2005, but was continued due to Hurricane Katrina. On February 21, 2006, the School Board filed a Motion and Order to Reset Rule Date and the matter was set for April 28, 2006.[1] Although counsel for Ms. Lloyd was not present for the hearing, the district court proceeded with the hearing and judgment was rendered granting the School Board’s Exception of Prescription, dismissing it with prejudice from the lawsuit. The court also rendered the School Board’s alternative Motion to Dismiss for Failure to Serve within 90 days moot.
Ms. Lloyd filed a Motion for New Trial on May 15, 2006, and the matter was set for hearing on July 21, 2006. At the hearing, the district court granted Ms. Lloyd’s Motion for New Trial and reheard the School Board’s Exception of Prescription. On August 7, 2006, the district court granted the School Board’s Exception and dismissed it with prejudice from the lawsuit. Ms. Lloyd now appeals this judgment.[2]

*571
Law and Analysis

In reviewing a peremptory exception of prescription, an appellate court will 13review the entire record to determine whether the district court’s finding of fact was manifestly erroneous. Katz v. Allstate Insurance Company, 04-1133, p. 2 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, 444. Further, the standard controlling review of a peremptory exception of prescription requires that this Court strictly construe the statutes against and in favor of the claim that is said to be extinguished. Id.
A tort claim is subject to a one-year prescriptive period. La. Civ.Code art. 3492 (West 2006). Ms. Lloyd filed suit against the School Board in First City Court on October 2, 2002, the last day of the prescriptive period. Louisiana Revised Statute 13:5104(B) provides that all suits filed against a political subdivision of the state, such as a school board, “shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.” La.Rev.Stat. 13:5104(B) (West 2006). A city court, such as First City Court, has no jurisdiction to preside over an action against the School Board.[3] See La.Code Civ. Proc. art. 4847(A)(6) (West 2006). Louisiana Civil Code Article 3462 provides that “[i]f an action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.” La. Civ.Code art. 3462 (West 2006).
In this case, because the lawsuit was filed in a court of incompetent jurisdiction, Ms. Lloyd should have served the School Board with her Petition by October 1, 2002 in order to interrupt prescription. Ms. Lloyd served the School | ¿Board with the lawsuit on October 22, 2002, twenty days after the prescriptive period had ended. Therefore, prescription was not interrupted as to the School Board because it was not served within the prescriptive period, and Ms. Lloyd’s claim against the School Board has prescribed. As such, the trial court was correct in sustaining the School Board’s Exception of Prescription.

Conclusion

We find no error in the trial court’s judgment granting the School Board’s Exception of Prescription. Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Ms. Lloyd.
AFFIRMED.

. The record indicates that the School Board failed to request sheriffs service on Ms. Lloyd regarding the new date, but did serve a copy of the pleading via U.S. mail.

. During our initial review of this appeal, we noted that Ms. Lloyd’s Motion for Appeal may have been filed untimely in light of the fact that the Notice of Signing of Judgment was mailed on 8/7/2006 and Ms. Lloyd did not file her Motion for Appeal until 10/17/06, several days after the delay for filing an appeal pursuant to La.Code Civ. Proc. art 2087 had run. However, the record indicates that the Notice of Signing of Judgment was returned to the court for insufficient address on or about 8/24/06, was thereafter remailed, and was not *571 actually received by counsel for Ms. Lloyd until 9/13/06. Because the insufficient address was an error not attributable to Ms. Lloyd, we will hear her appeal.

. Further, lack of subject matter jurisdiction cannot be waived by a general appearance or any other action. Piper v. Olinde Hardware & Supply Co., 288 So.2d 626, 628 (La.1974).