TERRI F. LOVE, Judge.
laThis appeal arises from the dismissal of plaintiffs suit due to prescription. Plaintiff requested service upon defendants pri- or to the expiration of the prescriptive period. However, service was not effectuated until seven months after the prescriptive period expired. The trial court held that service must be completed within the prescriptive period to interrupt prescription. We find that the trial court did not err, and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about December 22, 2011, Walter Lee, III was a passenger on a New Or- *998 leans streetcar when the streetcar operator “jammed on the brakes in order to avoid hitting a vehicle that was attempting to turn onto Canal Street.” Mr. Lee was allegedly “thrown to the floor from his seat,” causing injuries.
On December 21, 2012, Mr, Lee filed a Petition for Damages in First City Court of Orleans Parish against the Regional Transit Authority of New Orleans (“RTA”), Transit Management of Southeast Louisiana, Inc. (“TMSEL”), and John Doe. On December 13, 2013, Mr. Lee’s suit was transferred to Orleans Parish Civil District Court because First City Court lacked jurisdiction over RTA, as a political subdivision. See La. R.S. 13:5104. RTA and TMSEL then filed peremptory exceptions of prescription, no cause of action, and no light of action | scontending that service was not effectuated upon them with the applicable prescriptive period. The trial court found that Mr. Lee’s claims .were prescribed because the prescriptive period is not interrupted by incomplete service. Approximately a year after the trial court’s ruling, Mr. Lee filed a Motion for Rehearing or Out of Time Appeal asserting that he never received the trial court’s judgment. The trial court granted Mr. Lee’s rehearing and denied him relief, noting that the notice of judgment “was returned to the Court as ‘not deliverable as addressed,’ and its return receipt was apparently filed into the record with no further action taken.”[1] Mr. Lee then filed a Motion for Devolutive Appeal.

STANDARD OF REVIEW

“[A] defendant may raise the exception of prescription in the trial court at any time prior to the matter’s submission after trial.” Scott v. Zaheri, 14-0726, p. 7 (La.App. 4 Cir. 12/3/14), 157 So.3d 779, 784. “Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception,” Scott, 14-0726, p. 7, 157 So.3d at 784-85. “If prescription is evident on the face of the pleadings, however, the burden shifts to the plaintiff to show that the action has not prescribed.” Id., 14-0726, pp. 7-8, 157 So.3d at 785.
“A judgment granting a peremptory exception is generally reviewed de novo, because the exception raises a legal question.” Id., 14-0726, p. 8, 157 So.3d at 785. However, “[w]hen evidence is introduced and evaluated at the trial of a peremptory exception, we must review the entire record to determine whether the trial court manifestly erred with its factual conclusions.” Id. “If the findings are | reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Carter v. Haygood, 04-0646, p. 9 (La.1/19/05), 892 So.2d 1261, 1267.

PRESCRIPTION

“Delictual actions are subject to a Iterative prescription of one year.” La. C.C. art. 3492. The period of “prescription commences to run from the day injury or damage is sustained.” Id. “Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obli-gor, in a court of competent jurisdiction and venue.” La. C.C. art. 3462. “If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by *999 process within the prescriptive period.” Id.
Mr. Lee originally filed his suit in a court of incompetent jurisdiction. As such, Mr. Lee was required to serve RTA and TMSEL by December 22, 2012, to interrupt prescription. RTA was not served until July 25, 2013, over seven months past the prescriptive period. Therefore, Mr. Lee did not serve RTA within the prescriptive period to interrupt prescription, and his claims are prescribed. See Lloyd ex rel. Legaux v. Williams ex rel. Williams, 07-0004 (La.App. 4 Cir. 5/23/07), 959 So.2d 569, 571. Thus, we affirm the judgment of the trial court.

DECREE

For the above-mentioned reasons, we find that the trial court did not err, as Mr. Lee’s prescriptive period lapsed prior to the completion of service upon RTA. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED

. This Court notes that the trial court further found that "his exceptions of prescription and no cause/right of action are once again DENIED,” after granting Mr. Lee's rehearing. However, the exceptions were filed by RTA and TMSEL, not Mr. Lee.