# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LEXINGTON NATIONAL INSURANCE
COMPANY

VERSUS

STATE OF LOUISIANA

NO. 2019 CW 0332
(PAGE 1 OF 2)

AUG 0 5 2019

---

In Re:    State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, Nos. 660193, 660423.

---

**BEFORE:    McDONALD, THERIOT, AND CHUTZ, JJ.**

**WRIT GRANTED IN PART; WRIT NOT CONSIDERED IN PART.** With regard to docket number 660193, the March 5, 2019 judgment of the district court, which denied the exceptions of lack of subject matter jurisdiction and improper venue, filed by defendant, the State of Louisiana, is reversed. This is a direct action seeking the nullity of a judgment rendered by the 16th Judicial District Court, Parish of Iberia. In **State v. Norman**, 94-2475 (La. App. 1st Cir. 4/4/96), 672 So.2d 407, this court held that a bond forfeiture is a civil proceeding, and La. Code Civ. P. art. 2001, et seq., provides the exclusive grounds for civil nullity actions. See also **Piper v. Olinde Hardware & Supply Co., Inc.**, 288 So.2d 626, 629 (La. 1974) (The venue provided by La. Code Civ. P. art. 2006 is "not waivable and thus is jurisdictional".); **Boyer v. Boyer**, 96-0346 (La. App. 1st Cir. 1/23/97), 691 So.2d 1234, 1244, writ denied, 97-1415 (La. 9/26/97), 701 So.2d 984 ("The venue established in LSA-C.C.P. art. 2006 is nonwaivable."). Accordingly, subject matter jurisdiction and venue herein are proper in the court which issued the judgment sought to be annulled, which in this case is the 16th Judicial District Court, Parish of Iberia. Judgment is rendered in favor of defendant, the State of Louisiana, granting its exceptions of lack of subject matter jurisdiction and improper venue. This matter is remanded to the trial court with instructions to transfer this proceeding to the 16th Judicial District Court, Parish of Iberia pursuant to La. Code Civ. P. art. 932(B).

This court will not consider relator's request for supervisory review of the judgment in docket number 660423 because relator has improperly requested supervisory review of multiple judgments in a single writ application. Relator may only request supervisory review of the March 5, 2019 judgment in docket number 660423 by filing a separate writ application with respect to this judgment.

Supplementation of this writ application and/or an application for rehearing will not be considered. Uniform Rules of Louisiana Courts of Appeal, Rules 4-9 and 2-18.7. In the event relator seeks to file a new application with this court, such application must contain all pertinent information, and

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

must comply with Rule 2-12.2, Uniform Rules of Louisiana Courts of Appeal. Any new application must be filed on or before August 19, 2019, and must contain a copy of this ruling.

**JMM**
**MRT**
**WRC**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT