# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

LEXINGTON NATIONAL INSURANCE
COMPANY

NO.   2019 CW 1022

VERSUS

STATE OF LOUISIANA

**OCT 2 8 2019**

---

In Re:   State Of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 660423.

---

BEFORE:   **HIGGINBOTHAM, PENZATO, AND LANIER, JJ.**

    **WRIT GRANTED.** The March 5, 2019 judgment of the district court, which denied the exceptions of lack of subject matter jurisdiction and improper venue, filed by defendant, the State of Louisiana, is reversed. This is a direct action seeking the nullity of a judgment rendered by the 16th Judicial District Court, Parish of St. Mary. In **State v. Norman**, 94-2475 (La. App. 1st Cir. 4/4/96), 672 So.2d 407, this court held that a bond forfeiture is a civil proceeding, and La. Code Civ. P. art. 2001, et seq., provides the exclusive grounds for civil nullity actions. See also **Piper v. Olinde Hardware & Supply Co., Inc.**, 288 So.2d 626, 629 (La. 1974) (The venue provided by La. Code Civ. P. art. 2006 is "not waivable and thus is jurisdictional."); **Boyer v. Boyer**, 96-0346 (La. App. 1st Cir. 1/23/97), 691 So.2d 1234, 1244, writ denied, 97-1415 (La. 9/26/97), 701 So.2d 984 ("The venue established in LSA-C.C.P. art. 2006 is nonwaivable."). Accordingly, subject matter jurisdiction and venue herein are proper in the court which issued the judgment sought to be annulled, which in this case is the 16th Judicial District Court, Parish of St. Mary. Judgment is rendered in favor of defendant, the State of Louisiana, granting its exceptions of lack of subject matter jurisdiction and improper venue. This matter is remanded to the trial court with instructions to transfer this proceeding to the 16th Judicial District Court, Parish of St. Mary pursuant to La. Code Civ. P. art. 932(B).

          **TMH**
          **AHP**
          **WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT